## HOLLOWAY v. WASHINGTON.

1. A *supersedeas* is not grantable to suspend or arrest an execution, upon an allegation which is not sustained by the record.
2. It is competent for a Court to correct, or set aside an entry at the term at which it was made, but this cannot be done at a subsequent term, upon a mere allegation that an improper entry had been made by the neglect or inadvertence of the clerk.

Writ of error to the County Court of Cherokee.

THE plaintiff in error brought an action of assumpsit against the defendant, on a promissory note, which was continued for

several terms. At the July term of the Court holden in 1840, it appears from the record, that the cause was continued, but at a subsequent day of the term, an entry was made, setting aside the continuance, and rendering a judgment by default against the defendant, for the amount of the note and interest. An execution having issued on that judgment, the defendant applied for a *supersedeas,* which was issued under an order of the Judge of the County Court. In his petition for the *supersedeas,* the defendant states, that at the regular call of the docket at the July term, 1840, the cause was continued in consequence of the absence of the plaintiff's attorney until the next succeeding term, and that after his attorney had left the Court, the continuance was set aside, and a judgment rendered against him. He alleges that he had an available defence to the action, which he has been prevented from making without fault on his part. In consideration of which he prays that the execution may be superseded, and the cause again placed on the docket. At the term of the Court to which the *supersedeas* was returnable, an entry was made, reciting, that it appeared to the satisfaction of the Court, that the judgment was entered by the misprision of the clerk at the previous term, and ordering that the same "be made null and void, that the *supersedeas* to the execution be made perpetual, and the defendant go hence, &c."

Moore, for the plaintiff in error.
W. B. Martin, for the defendant.

COLLIER, C. J.—From any thing appearing to the contrary, by the entries made in the cause at the term the judgment was rendered, the continuance was fairly and regularly set aside. It is not pretended that the clerk was guilty of malversation in office, either in making that entry, or in entering the judgment consequent upon it. Every thing then appearing to be regular, the execution should not have been superseded.— Fryer v. Austill, 2 Stew't Rep. 119.

It was clearly competent for the Court to have set aside the order of continuance, or to have made any alteration or correction in its minutes, during the term at which they were

made, but it had not this power at a subsequent term, upon a mere allegation that the clerk, through *neglect or inadvertence,* had made an improper entry; especially, where it appears that the act of the clerk was sanctioned by the Court. The order vacating the judgment and superseding the execution, cannot be sustained as a judgment *nunc pro tunc,* because there is nothing in the record to have authorised it. Thompson v. Miller, 2 Stew't Rep. 470; Allen & Dean v. Bradford & Shotwell, at this term.

Whether the defendant is remediless, or whether, if he has a substantial defence, which without fault on his part he has been prevented from making, he may not obtain relief in chancery, are questions not now before us, and we consequently decline considering them.

The judgment of the County Court vacating that previously rendered in favor of the plaintiff, and perpetuating the *supersedeas,* is reversed, and a judgment is to be here rendered, directing that the *supersedeas* be quashed.