## THE OSWITCHEE COMPANY v. HOPE & CO.

1. The commissions allowed by law, upon the levy of a *fierie facias*, should not be taxed by the clerk in the bill of costs.

2. It is competent for a party, at whose suit civil process issues, to suspend its energy, by directing the sheriff not to execute it; and where the sheriff is instructed not to levy a *fi. fa.* until further orders, or to hold it merely to bind the debtor's property, in neither case, can the officer claim fees for the disobedience of instructions.

3. A motion to the court to adjudge to the sheriff, costs upon an alleged levy of a writ of *fi. fa.* even if grantable under the facts of the case, should be preceded by a notice to the defendant in execution; and an order made in such case, will be considered as so far void, that the court making it, may quash an execution issued thereon.

4. Where the petition for a *supersedeas* refers to the execution, and prays that the same may be superseded, the execution is thereby made part of the record, and will be so regarded by an appellate court.

5. Where an execution is superseded upon a petition filed in vacation, it is not necessary for the defendant in execution to move the court to quash it; the petition itself, is a motion to that effect, and may be so considered even where a *supersedeas* has improvidently issued.

WRIT of Error to the Circuit Court of Russell.

The defendants in error, being merchants and partners in trade, under the style of " Hope & Co." recovered a judgment against the plaintiffs, doing business together in the name of " The Oswitchee Co." An execution was issued on that judgment, and placed in the sheriff's hands on the 1st June, 1842, which by his indorsement thereon, appears to have been levied

on sundry tracts of land. Afterwards, on the 13th August, 1842, the sheriff made the following return, viz: " Levy dismissed and proceedings stayed by order of Jones & Benning, plaintiffs attorneys."

At the term of the circuit court, holden in October, 1842, a motion and order thereon were made as follows: " motion to direct the clerk to tax costs, so as to include one half the usual commissions of a full commission. *Hooper, for motion.*"

" Whereupon, it is on motion ordered, that the clerk be directed to re-tax the cost, and to tax for sheriff's commissions on the levy already made on the execution in this case, one half of the amount of commissions chargeable in cases where full collection has been made." Under this order the clerk taxed half commissions on the sum required to be made by the execution, amounting to the sum of twenty-eight hundred and fourteen 50-100 dollars; and thereupon issued an *alias fierie facias* on the 22d of November, 1842, requiring the sheriff to make the damages and costs expressed in the original, and the additional costs ordered to be taxed by the court. On the 28th March, 1843, the sheriff returned the alias *fierie facias* indorsed thus: " Proceedings stayed by order of Jones & Benning, plaintiffs attorneys."

On the 8th December, 1842, the defendants in execution presented their petition in writing to a judge of the circuit court, praying the court to supersede that execution as to the half commissions thereby required to be made; and an order was made granting a *supersedeas* on the terms prescribed by the statute. The grounds on which a *supersedeas* was prayed are, 1. Because the sheriff was directed and ordered by the plaintiffs, before the original *fi. fa.* was placed in his hands, not to levy it, but retain and return it to the clerk who issued it, with the appropriate indorsement thereon; notwithstanding this direction, the sheriff did levy that execution on the defendant's property, and retained the execution until the day of its return, but without ever having advertised the property for sale. 2. Because the half commissions were taxed without any notice having been given to the defendants in execution, or appearance by them. At the succeeding term of the circuit court, an entry was made reciting the judgment, and all subsequent proceedings, and rendering a judgment upon the *supersedeas* as follows: " And now at this

term the matters and things contained in said petition, being heard and considered of by the court, the same is discharged and held for nought. It is therefore considered by the court that said defendant take nothing by their said *supersedeas*, and that said plaintiff recover of the said defendant the cost in this behalf expended, for which let execution issue." To revise this last judgment, the defendants have sued out their writ of error.

Belser and Hayne, for the plaintiffs in error, made the following points. 1. It is not regular for the clerk to tax such costs as may accrue to the sheriff after the execution is placed in his hands; a re-taxation implies that the costs had been improperly taxed, which was not the case in the present instance. 2. If it had been proper to grant such a motion, the defendants should have had notice that they might shew cause against it. [See 10 Mass. Rep. 26, 1 Pick. Rep. 211; 1 Johns. Cases, 32; 2 Id. 114; 4 Hals. Rep 383; 2 Wend. Rep. 244.] 3. If the levy had been justifiably made, perhaps the sheriff might have refused to discharge it until he made his commissions of the defendant. [5 Term Rep.] But having returned the execution, he had no remedy against the defendant, but must look to the plaintiffs or their attorney. [See 1 Caine's Rep. 192; 5 Johns. Rep. 252; 4 Wend. Rep. 479; 6 Wend. Rep. 535; 9 Id. 435; 17 Wend. Rep. 14; 7 Taunt. Rep. 5.] 4. The plaintiffs had the right to control their execution and the levy, became inoperative for any purpose, and no consequences followed its suspension prejudicial to the defendants. [3 Wash. C. C. Rep. 60; 3 Cranch's Rep. 1; 4 How. Rep. 130.] 5. The discharge of the *supersedeas* does not appear to have been ordered, because the facts stated in the petition were untrue; the recitals in the order show that the facts were not controverted, but that the court refused to quash the execution because it issued under the sanction of the order re-taxing the costs. 6. The levy was irregular and unauthorised, because against the plaintiffs orders. 7. The facts disclosed in the petition, authorised the *supersedeas*. [Lockhart v. McElroy, at the last term: See also 3 Porter's Rep. 335.] 8. It was not necessary that the facts should have been set forth in a bill of exceptions, the petition, execution, &c., may be looked to as parts of the record. [5 Porter's Rep. 103.]

HEYDENFELDT, for the defendant, insisted, 1. That the sheriff's commissions stood upon the ground of other costs, and were properly taxable in the bill of costs by the clerk [Aik. Dig. § 1, 184, 188; Id. § 2, 190, and § 6, 191.] 2. Notice was not necessary to authorise a taxation of the sheriff's commissions; the proceeding may be assimilated to a motion to amend a judgment, to render judgment *nunc pro tunc*, or to substitute papers—in all which, notice according to the decisions of this court, is not required. 3. If the *supersedeas* was dismissed upon extrinsic proof, then as there is no bill of exceptions, the court cannot revise the decision. 4. But it is contended, that the dismissal was proper, the *supersedeas* had performed its office, viz: suspended the execution until court, and the proper course for the defendants to have taken, was to move to quash the execution. In fact the *supersedeas* could not have been continued in force, for it not only prevented the collection of the commissions, but of the damages which the plaintiff's had recovered.

COLLIER, C. J.—It is not the appropriate office of the clerk to tax in the bill of costs, the commissions allowed by law, to the sheriff, consequent upon his levying a writ of *fierie facias*. As it cannot be known when the writ issues, whether he will be entitled to any commissions, or how much, no express authority can be conferred by the execution to make any. Our practice has been invariably for the officer levying a *fi. fa.* to collect as an incident to the sum adjudged to the plaintiff, all consequential costs. But it is unnecessary to consider this point further, as the record presents other questions of more prominency, which are decisive of the case.

It may be conceded, that under our statute in respect to the fees of sheriffs, [Aik. Dig. 188,] that the sheriff is entitled to the half commissions allowed thereby, after the levy of a *fierie facias*, although the parties enter into a compromise, or the plaintiff directs a stay of further proceedings, so as to dispense with a sale. [See also Watson's sheriff, 79.] But this is the case only when the levy is regularly and justifiably made. Where civil process is placed in the sheriff's hands, it is entirely competent for the plaintiff to suspend its energy by directing him not to execute its mandate. It is certainly the duty of an officer to obey with promptness all process committed to his hands; but the nature of

his office does not require that he should set at defiance the directions of him for whom the writ shows he was called on to act. If he is instructed not to levy an execution until further orders, or merely to hold it, as it is sometimes called, to bind the debtor's property, in neither case can the officer claim fees for the disobedience of instructions. True, the sheriff is a public officer, necessarily possessing extensive powers and held to strict accountability; he is an agent provided by the law, to aid in the administration of justice; yet in the execution of process in suits between individuals, he must also be regarded as the agent of the party who is the actor. This conclusion is enforced by the reason and convenience of the. thing, as well as by the fact that its correctness has always been acquiesced in, in practice. A *fierie facias* is never placed in the hands of an officer with a view merely to his own benefit, but that he may make the money which has been adjudged against the defendant therein. The idea, then, that in despite of directions to the contrary, the sheriff may levy on and sell the debtor's property, cannot be tolerated. Such a conclusion would assume that the execution of the judgment was beyond the plaintiff's control, or that the officer was authorised to proceed with a view to his own emolument only, both of which assumptions we have said were alike unfounded. The commissions allowed to a sheriff are not a mere gratuity, but are intended as a compensation for services performed, and unless this compensation be earned by the performance of the service in a legal and justifiable manner, he cannot insist upon receiving it.

But if it were conceded that half commissions were due to the sheriff, so far as any thing appears to the contrary, no order directing their taxation would be regular, unless the defendant in execution had notice of the motion. True, we have held, that no notice was necessary in order to authorise a judgment *nunc pro tunc.* [Allen & Dean v. Bradford, & Shotwell, 3 Ala. Rep. 281, and cases there cited,] or to obtain leave to substitute papers in a cause for those which have been lost. [Wilkerson, *et al.* v. Branham, at this term.] In the first case, the motion is founded on matter of record, and is intended to give effect to a previous order of the court; in the latter to give to the plaintiff the benefit of his judgment, by putting the record in the same condition in which it was when the judgment was rendered; the legal intendment in both is, that the defendant is in court to gainsay

80

the motion, if he thinks proper. The motion in the present case proposed something more, it was to adjudge the defendents liable to pay a sum of money beyond what was determined by the judgment; it was not intended to perfect that which was merely incomplete, or to substitute lost papers, and the cases referred to, are dissimilar not only in their facts, but in principle also. [Baylor v. McGregor and Darling, 1 Stew't and Porter's Rep. 158,] is in principle analogous to the present. There, a motion was made to direct the sheriff to enter a credit on an execution, and to compel satisfaction of the judgment to be entered of record. The only notice to the adverse party, was an entry on the motion docket, and this, it was holden, did not warrant the implication, that the defendant was advised of what the court was asked to do. In the case at bar, the order gives to the plaintiff, for the sheriff's benefit, an execution for a sum beyond what the judgment authorised; it was in point of fact equivalent to the rendition of a distinct and independent judgment, and upon general principles required that the notice should have preceded it. The mere entry upon the motion docket, is not a notice of what it imports, except as between parties, who in legal contemplation, are in court.

The legal inference from the judgment upon the *supersedeas*, is not that it was dismissed after a controversy upon the facts, but the form of the entry very clearly indicates, either that the petition, assuming it to be true, did not authorise the court to quash the execution, or that the order to tax half commissions, made at a previous term, was conclusive upon the court. From what we have said, it is clear, that the facts stated in the petition show the order to re-tax costs (as it has been inappropriately called,) was unauthorised by law. But it is supposed that if this be conceded the inference does not follow that the *supersedeas* should have been sustained, but the legal presumption is, that the order to tax costs was decisive of all the facts stated in the petition, and if the defendants are aggrieved, they should have appealed from that order. Without stopping to consider whether this reasoning can be sustained in a proper case, we are satisfied that it is inconclusive in the one now before us. The order was a proceeding *coram non judice*, for the reason that the defendants had no notice that it would be moved for. It was made at a time when the court had no jurisdiction over the defendants, or the subject,

for .the want of that indispensable prerequisite to the action of courts, viz: a notice direct or implied, to the party sought to be charged with a debt or duty. This being the case, it was merely void, and afforded no warrant for an execution to issue. *Ex parte*, Sanford, at this term.

The reference of the petition to the execution, if nothing else, brought it to the view of the circuit court without its production; in fact it became part of the record of the prooceeding by *supersedeas*, and could not be made more so, either by a bill of exceptions, or an express order of court. [Lunsford, *et al.* v. Richardson & O'Neal, at this term.]

In respect to the argument, that the *supersedeas* was only intended to suspend the execution until court, that the defendants should have moved to quash it, and cannot now object (as no such motion was made,) that the *supersedeas* was discharged, we are of opinion that it is not defensible. The judgment directing that the defendants shall take nothing by their *supersedeas*, is equivalent to a declaration that the execution should be enforced. No specific motion to quash, was necessary by the defendants, their petition brought the matter before the court, and was in itself a motion to that effect. [See Gates v. McDaniel, 3 Porter's Rep. 356.]

That the *supersedeas* was properly granted, will not admit of serious question since the decision in Lockhart v. McElroy, at the last term. But if irregularly awarded, the court even then should not have dismissed it, but treated the petition as a motion to quash the execution. [Gates v. McDaniel, *supra.*]

Although it is inferrable that the order to tax commissions was made at the sheriff's instance, we have not thought necessary to remark on it, in that point of view; for if the facts stated in the petition are true, there can be no doubt but the levy of the execution was unjustifiable in law, and that no commissions are due therefor.

We have only to add that the judgment of the circuit court is reversed, and this court, proceeding to render such judgment as should have been rendered by that court, directs that the execution in question be quashed, without prejudice to the plaintiffs right to proceed on their judgment.