## SPENCE & STINNETT v. WALKER.

1. Issue being tendered to the facts recited in a petition, upon which an execution had been superseded, and the petitioner declining to join in the issue, and offering no testimony in support of it, but desiring to take a nonsuit, the Court was justified in rendering judgment against him and his surety.

Error to the County Court of Talladega.

This proceeding was a *supersedeas*, obtained by the plaintiff in error, Spence, to an execution which had issued against him, on a judgment of this Court, as surety to a writ of error bond. At the return term of the *supersedeas*, the defendant demurred to the petition, and his demurrer being overruled, he traversed the facts of the petition in the following words: "And the said Walker comes by attorney, and denies the statement and matters in the foregoing petition contained, and takes issue thereon;" to which the plaintiff replied, "that he ought not to be precluded, by any thing in said defendant's traverse joined, because he says, the same is not in law sufficient to bar the plaintiff his said remedy, sought by his petition, and this he is ready to verify, wherefore he prays judgment, that said defendant answer over," &c.

The plaintiff's counsel moved the Court, to strike out this writing, which motion the Court granted. The counsel for the plaintiff then stated they would take a nonsuit, and refused to offer any evidence in support of the petition, or to proceed further in the cause, although the defendant's counsel announced his readiness to go to the jury, on the issue taken by him.

The Court then rendered judgment against the plaintiff, and Stinnett as his surety, on the bond for the *supersedeas*.

The assignments of error are—

1. In overruling the demurrer to the traverse of the defendants below.

2. In rendering judgment.

W. P. Chilton and Bowdon, for plaintiff in error.

Rice, contra.

ORMOND, J.—As the plaintiff below refused to join issue with the defendant, upon the facts of the petition for the *supersedeas*, and desired to take a nonsuit, there was no course left for the Court but to render judgment. Such, indeed, should have been the judgment of the Court upon the demurrer to the petition, which shows no reason whatever for superseding the execution. Let the judgment be affirmed.