## SHEARER v. BOYD.

1. When a petition for a supersedeas is allowed, it is the commencement of a suit, and upon its determination, costs are due to the successful party.
2. It is competent for the petitioner, by the same petition, to ask relief in several causes, and it makes no difference in this respect, whether the parties are the same or different.
3. Although a judgment for relief, as on motion, may be given, notwithstanding the petition for a supersedeas is quashed, yet the judgment in such case must apply to the former judgment, and if for more than is covered by the same entry, it is error.

Writ of error to the Circuit Court of St. Clair.

SUPERSEDEAS sued out by Boyd against Shearer, to stay proceedings on certain executions.

Shearer v. Boyd.

The petition asserts, that at the spring term 1831, Shearer, as the indorsee of Benjamin Smith, recovered a judgment against one Joel Chandler, for $248 56, besides costs; and at the same time said Smith for the use of Shearer, recovered another judgment against said Chandler, for about $523 23. Both of these judgments were removed to the supreme court, the petitioner, Boyd, being Chandler's surety on the writ of error bond. They were affirmed at the June term, 1832, of that court, and *fi. fa.* on the affirmed judgments, issued on the 27th September, 1832. Chandler afterwards filed a bill in equity against Shearer and Smith, upon which an injunction as to the sum of $180 was allowed against said executions. This bill was continued until 1834, when a decrae *pro confesso* was taken, but the suit eventuallp abated in August, 1844, by the death of Chandler. In the same month pluries executions were issued in each case, which were levied on the property of Boyd. The petition then alledges, the petitioner is advised and believes, that Chandler in his lifetime, paid off both judgments, except the amount enjoined, and that he died in 1839 or 1840.

The supersedeas was allowed for the entire sum of each execution.

The defendant to the supersedeas. appeared and demurred to the petition, but his demurrer was overruled. He then denied the allegations, and the issue was submitted to a jury, who found for the plaintiff in the supersedeas, that all but the sum of $180, with interest from the 7th day of November, 1832, had been paid to the plaintiffs in execution.

The court thereupon rendered judgment, that the supersedeas should be perpetuated, except as to the sum of three hundred and sixty-five dollars, being the sum of one hundred and eighthy dollars, with interest from the 7th November, 1832, and rendered judgment against Shearer, for the costs of the supersedeas cause. As to the sum unpaid, a judgment was rendered " that the plaintiffs in execution recover it of Boyd, and his security on the supersedeas bond, for which execution may issue, in favor of Shearer, the other plainiiff in execution, consenting that it may so issue."

The defendants in the supersedeas assign as error,

1. The overruling of their demurrer,

Shearer v. Boyd.

2. In rendering any judgment on the facts disclosed in the petition.

3. In giving judgment for costs.

S. F. Rice, for the plaintiff in error, cited Spence v. Walker, 7 Ala. R. 568; Mabry v. Herndon, 8 Ala. Rep. 848; to show that a proceeding to supersede executions is a legal suit. Here two executions of different parties are embraced in one suit, which is clearly irregular. Besides this, there is no allegation which execution was paid, or indeed that any thing was paid. What is alledged, is the information and belief of the party, and this is not issuable matter. In addition to all this, the executions were improperly superseded, as by the petition it is shown that a certain sum was due.

No counsel appeared for the defendant in error.

GOLDTHWAITE, J.—1. In the English courts of common law, the practice, when an execution has issued improperly, is, to obtain a judge's order to stay proceedings, until the defendant can submit a motion in court; (Tidd's Prac. 511;) and this summary mode of redress by motion, it is said, obtains in all cases, when it would be allowed by *audita querela*. [Ib. 212.] With us, the matter, to some extent, is regulated by statute, which directs the allowance of a *supersedeas*, on application to a judge at Chambers, whenever an execution has improperly issued. [Dig. 208, § 38.] This statute was at first considered as extending only to cases where the execution issued *irregularly*. [Fryor v. Austil, 2 Stewart, 120; 3 S. & P. 345; 3 Ala. Rep. 668.] Subsequently, however, it has been held to apply to all cases where executions are improperly sued out, whether on account of mere irregularity or because the plaintiff has no just right to enforce process. [Lockhart v. McElroy, 4 Ala. Rep. 572; 7 Ib. 469.] The practice under our statute is, to consider the petition to the judge, as the allegation of facts out of which the party predicates his claim for redress, and as such it may be pleaded or demurred to. [Spence v. Walker, 7 Ala. Rep. 568; Mabry v. Herndon, 8 Ala. Rep. 848.] Even when the *superdeas*

36

is quashed, as having improvidently issued, we have held it did not impair the right of the party to interpose the motion necessary for his relief, and that the petition might be con- considered as such a motion. [Osweetchee Co. v. Hope, 5 Ala. Rep. 629.] This summary of the statute, decisions, and practice upon this subject, is sufficient to show the petition is regarded as the commencement of a suit, and on its determi- nation costs are due to the successful party, in the same man- ner as in any other suit.

2. Another consequence likewise flows from considering the petition as a suit, and that is, that the petitioner cannot seek relief in more than one cause. In other words, although a suit, yet it is so connected with previous proceedings, with regard to which the relief is sought, that they cannot be com- bined, or mixed up with the proceedings in another suit, and in this view it makes no difference whether the other suit is between the same or different parties. The petition under consideration affords as strong an illustration as any other, of the necessity that the proceedings to supersede the execution shall be applied to the particular case. It may be asked, how was the court to know which execution was to be entirely superseded, and which to be partially so ; and if the petitioner suceeeds as to one, but fails as to the other, how are the costs to be divided? So far as the petition for the supersedeas is concerned, these remarks are sufficient to show, that in its present condition it is fatally defective in combin- ing two distinct suits together, and for that reason the de- murrer should have been sustained.

3. The judgment itself, considered as one upon a motion to enter satisfaction, in consequence of the payment, is also erroneous, for the same reasons, as it does not designate which is paid and which unpaid, or what portions of which have have been satisfied. The principle settled in Osweetchee v. Hope, before cited, although it might warrant the court, as upon motion, in one or both cases, to inquire into the facts, and enter satisfaction as these may appear, does not sustain this judgment, which seems to cover both cases, but which, in fact, determines neither.

The proper judgment upon the petition would be, to dis- miss it for the misjoinder ; but notwithstanding this, the

court would be warranted in entertaining a motion .to enter satifaction upon either, or both judgments, if the facts shown will warrant such relief.

Judgment reversed and cause remanded for further proceedings.