CARLTON, v. FELLOWS, READ & CO.

1. Evidence of a parol agreement, cotemporaneous with an indorsement of a bond, that the indorsees should take other steps to collect the bond from the obligors, than the indorsement contemplated, and that they had performed the agreement, and that subsequently the indorser had recognized the agreement, and advised the continuance of the steps they had taken to collect the bond, is inadmissible, as it contradicts the legal effect of the indorsement.

Writ of Error to the Circuit Court of Sumter.    Before the Hon. S. Chapman.

THIS was an action of assumpsit at the suit of the defendants in error against the plaintiff, as the surviving partner of W. Carlton & Co. The declaration alledges that Samuel B. Lacey and Austin Lacey, made a bill single, particularly des-

cribed, payable to Henry McCall, which the payee indorsed to Messrs. Carlton & Co., and the latter to the plaintiffs. On the trial before the jury, the plaintiffs proposed to prove that simultaneously with the indorsement to them, it was agreed between the defendant and themselves, that they should take other steps to collect the bill single of the obligors, than the mere indorsement of the paper contemplated, and that they had performed the agreement on their part. *Further*, while they were thus endeavoring to enforce a collection against the makers, though perhaps after the defendant would have been discharged according to the law operating upon the indorsement, the defendant recognized his agreement, and told the plaintiff's attorney *to continue to pursue* the steps he had adopted, and try to make the money of Austin Lacey, (who was the only solvent maker,) in that way. To the admission of the evidence, either of the agreement or its recognition, the defendant objected, but his objection was overruled, and the testimony permitted to go to the jury. Thereupon the defendant excepted; and a verdict and judgment were rendered for the plaintiffs.

REAVIS, for the plaintiff in error, cited 3 Stew. Rep. 371; 8 Ala. Rep. 247.

M. I. HORR, for the defendant in error, cited Clay's Dig. 333, § 12, 14; 381, § 6; 2 Wash. 219; 1 Por. Rep. 359; 2 Id. 456; 6 Id. 428; 7 Id. 175; Minor's Rep. 173; 1 Ala. Rep. 159.

COLLIER, C. J.—In Sommerville v. Stephenson, 3 Stew. Rep. 271, it was held, that the contract evidenced by the general indorsement of a specialty, has a specific legal import, and cannot be varied by parol evidence; that its effect in law is precisely the same, as if it had been expressed *in totidem verbis*, in the written transfer of the paper. To the same effect are Minor's Rep. 357; 2 Porter's Rep. 308; 8 Ala. R. 247; 3 Camp. Rep. 57; 8 Taunt. Rep. 92. These citations are quite sufficient to show that the indorsement could not have been varied in its effect by the verbal agreement simultaneously made; and we think the subsequent recognition of

this agreement, cannot impart to it a validity which it did not originally possess. It was certainly competent for the indorsers to have agreed with the plaintiffs by word merely, after the latter became the proprietors of the paper, that they should not be required to sue the makers at all, or with the promptness required by the statute. But we do not understand the recognition to be a new contract. It was nothing more than an acknowledgement of the previous agreement, an encouragement to the plaintiffs to proceed under it, and an expression of confidence that a collection might thus be made of one of the makers of the bill single. In all this, there is no ground to infer that the defendant was influenced by other than honest motives, or intended to lull the plaintiffs into a false security. *Besides*, it is fairly inferable from the facts recited in the bill of exceptions, that the plaintiffs had lost their recourse upon the defendant before the latter even recognized the agreement; for it is explicitly stated, that a writ issued against the solvent maker, (who lived in Mississippi,) had been returned to the county court of Sumter, "not found." The duty devolved upon the plaintiffs as indorsees merely, required that they should have taken prompt measures against the makers, in the state in which they resided, when the indorsement was made. This it is not pretended was done, and it is more than questionable whether so much time had not elapsed when the writ was returned, as to put it out of the plaintiffs' power to institute proceedings in Mississippi, so as to charge the defendant. The acknowledgement of the invalid agreement cannot be regarded as a promise to pay, and supersede the necessity of showing that the plaintiffs had taken the legal steps to fix the liability of the defendant. We have said that there is nothing in the conduct of the defendant of which a legal fraud may be predicated; and if there was, it might be asked if the plaintiffs could avail themselves of it in this form of action.

The ruling of the circuit court is incompatible with the view we have taken of the law—its judgment is therefore reversed and the cause remanded.