## MOORE & COCKE v. BELL.

1. Execution cannot be sued out on a judgment after the death of the plaintiff, in his name, and if it is so issued, may be superseded by the defendant, and quashed on motion.
2. A writ of error cannot be prosecuted on a judgment of the court refusing to quash, in the name of the deceased party, as defendant to the writ. The remedy, it seems, would be by an application to the supreme court for a *mandamus*.

Error to the County Court of Perry.

BUSHROD W. BELL, having obtained a judgment in the county court of Perry county, at the February term, 1846, against John B. Moore, for the sum of $285 33, afterwards, the 8th July, 1847, the said plaintiffs in error filed their petition in the said court, in which, after reciting the proceedings and judgment against said Moore, it is averred, at the time the judgment was rendered, as petitioners believe, and certainly before the issual of any execution thereon, the said plaintiff in the judgment departed this life, and that said

Moore & Cocke v. Bell.

judgment has never been revived in the name of any other person. Said Moore avers, he had no notice of the pendency of the suit, and that before any action, he had agreed with Bell to pay, and had actually paid to one Cary, the amount due upon said note, which payment it was agreed should be a full satisfaction of said demand. Petitioners further aver, that an execution having issued on said judgment, and having been levied on the property of said Moore, he executed a forthcoming bond, with the said Cocke as surety, upon which bond (the same having been returned forfeited) execution was issued against each of the plaintiffs, on the 22d February, 1847, returnable to the then next term of the county court for Perry county, and was then in the hands of the sheriff, and was about to be levied of the goods, &c. of the petitioners.

Petitioners pray a supersedeas of the execution, stopping all further proceedings, until the said next term of the county court, at which term they prayed the judgment might be declared null and void—that the execution might be quashed, &c. Upon which petition a supersedeas was ordered, the parties giving bond as required by the. statute. The county court, upon the motion of the attorney representing the plaintiff, Bell, dismissed the petition for the supersedeas, and gave judgment against the said petitioners for costs. The judgment of dismissal is assigned in this court for error.

I. W. GARROTT, for plaintiff in error.

A. B. MOORE, contra. 1. Applications for the continuance of causes, are addressed to the discretion of the court below, and will not be revised by this court. See Childs v. Lockett, 11 Ala.

2. It was too late to amend the petition after the case had been called for trial ; at all events, the court had the right to refuse to permit the party to amend.

3. As it is clear there is nothing in the face of the petition to warrant the supersedeas, it should therefore have been dismissed.

4. There is no error in the rendition of the judgment, of

which the plaintiff in error can complain. See Clay's Dig. 208, § 40.

CHILTON, J.—By the act of 1822, (Dig. 297, § 8,) it is provided that judges of the county courts, within their respective counties, shall have full power, concurrent with the power of the judges of the circuit courts, to issue writs of *certiorari* and *supersedeas*, returnable to the county courts in the same manner as writs of this character had theretofore been issued by the judges of the circuit courts. The county court having, by virtue of this statute, full jurisdiction of the petition, I cannot readily perceive upon what grounds it was dismissed. True, it alledges matter of payment going beyond the judgment, which the court should not inquire into. Nor will it avail the petitioners, that the writ was not served on the defendant in the judgment. But it is distinctly averred, that the plaintiff was dead before the execution issued, and this being the case, no execution could regularly have issued until the judgment was revived in the name of the personal representative by *scire facias*. I have been unable to find any statute of this state providing for the revival of judgments in cases where the plaintiff dies before execution begun. Provision is made for the revival of suits pending their prosecution. In 2 Lord Ray. 808, it is held, that in no case, where the parties to a judgment are changed, ought execution to issue out by a different writ, without *scire facias*. In Berryhill v. Wells, 5 Binn. Rep. 56, which was a proceeding to revive a judgment by *scire facias*, by reason of the plaintiff's death, it was objected, that the statute did not confer the authority, but Tilghman, C. J., remarked, "I consider the power of issuing a *sci. fa.* as appurtenant to the power of issuing an execution, and included in it, though not expressly mentioned." A *scire facias post annum et diem*, did not lie at common law, but was given by the statute of Westm. 2, c. 45. In such case, where the plaintiff was guilty of such laches, he was put to his action on his judgment. 2 Inst. 469; see 3 Ala. Rep. 224. In Day v. Sharp, 4 Whart. Penn. Rep. 339, it is held, that although an execution which issues in the name of the plaintiff who is dead, is irregular and voidable, it is not absolutely void. In the present case,

a forthcoming bond has been given, and the sheriff has returned it forfeited. According to our statute, execution is to issue upon the bond, which has the force and effect of a judgment, but this cannot have the effect to give vitality to the irregular process. The last execution is liable to the same objection as the first—there is no plaintiff in *rerum natura* to whom satisfaction can be made, and who is answerable for an abuse of the process of the law. In Wagnon v. McCoy's Executor, 2 Bibb's Rep. 198, it was held, that where an execution issued pending the life of the plaintiff, but who died before any levy was made, it abated by his death, and on motion of the defendant the *fi. fa.* was quashed. See also, Woodcock v. Bennett, 1 Cow. Rep. 711, in which it is said to be a general rule, that where any new person is to be the better, or worse, by the execution, there must be a *scire facias*.

The decisions are numerous in our own court, that if execution issue for the first time upon a judgment after the death of the defendant, it is a nullity. Collingsworth v. Horn, 5 S. & Por. Rep. 237; Holloway v. Johnson, 7 Ala. R. 660; Henderson *&* Hudson v. Gandy's Adm'r, 11 Ib. 431.

The above citations will suffice to show, that the execution which issued in this case, and which was superseded was irregular, and the remaining question is, did the plaintiffs in error pursue the proper course to avoid it. The writ of error *coram vobis*, as recognized by our statute, (Dig. 322, § 56,) seems to contemplate relief, only in such cases as the error is apparent, from an inspection of the record. See also, 3 Bac. Ab. 366, Bos. ed. The remedy by supersedeas, is with us a substitute for the old writ of *audita querela*, which gave relief against unjust judgments, or executions, by setting them aside for some injustice, fault, or irregularity, in the party obtaining them, and which could not have been pleaded in bar to the action. This writ has gone into disuse, by reason of the more summary remedy afforded by the judges in granting orders to stay proceedings, until a motion can be made to quash the irregular process. Tidd's Pr. 212, 511. Our statute giving this summary redress, has received a very

enlarged exposition, and is held to apply to all cases, where the process is either irregular, or may not justly be enforced. See Lockhart v. McElroy, 4 Ala. Rep. 572; 7 Ib. 469. The petition is the commencement of a suit, and may be pleaded to. Mabry v. Herndon, 8 Ala. Rep. 848; Spence v. Walker, 7 Ala. Rep. 568; Shearer v. Boyd, 10 Ala. Rep. 281. In this last case, as also in the case of Osweechee Co. v. Hope, 5 Ala. 629, it is held, the petition, though quashed, and the supersedeas discharged, still may be regarded as a motion to quash the *fi. fa.* superseded. We feel satisfied, in view of the authorities on this point, that the court erred in dismissing this petition, but regarding it as a motion to quash the execution, should have proceeded to inquire into the fact, whether the plaintiff died before any execution issued, and if this be found true, the execution should have been quashed.

The plaintiff in error in this court, proceeds upon the ground of the death of the plaintiff below. There is then no party defendant to this writ of error, and as the authority of an attorney dies with the principal, this objection is not cured by appearance in this court. The writ of error must be dismissed.

There is however, no failure of the remedy, as it is in the power of this court, upon a proper application, to control the action of the inferior court by *mandamus.*

Let the writ of error be dismissed.