## POWELL v. WASHINGTON & BROCK.

1. A petition for a *supersedeas* of an execution is regarded, under our practice, in the nature of a statement, or declaration of facts, and when demurred to, if the demurrer is overruled, and the respondent declines to answer over, the court may take the facts as admitted, and render judgment thereon.

2. Where a suit is instituted by one, having the beneficial interest in a note, in the name of the payee, who is dead, for the use of the former, and the defendant appears, and suffers a judgment *nil dicit* to be rendered against him, he is estopped from afterwards moving to vacate the judgment on account of the death of the nominal plaintiff: and a security of the defendant in such a case, is as much concluded by the judgment as the defendant himself.

3. That a party employed counsel to conduct the defence of his case, who was compelled by family affliction, to leave the court before the cause was reached, is not a ground upon which a judgment can be vacated in a court of law, after the term at which it was rendered.

Error to the Circuit Court of Cherokee. The record does not show before whom tried.

On the 24th of March 1841, a suit commenced in the name of Powell, for the use of John Morgan, against Warner Washington, one of the defendants in error, in a justice's court, to recover of him the sum of thirty five dollars, due by note, on which a judgment was rendered against said Washington. In 1844, a petition filed, and *certiorari* awarded to remove

said cause to the circuit court of Cherokee, and the defendant Brock, became the security of Washington, on his *supersedeas* bond. At the Oct. term 1845, the defendant appeared, and judgment *nil dicit* was rendered in the circuit court, against Washington and Brock, and on the 3d day of March, 1846, Brock filed his petition for a *supersedeas*, to stop proceedings on the execution on said judgment, on the grounds therein set out, which was granted and *supersedeas* issued accordingly. The petition is based on the following facts, as grounds of relief: That Powell was dead before the commencement of the suit in the justices' court, and that Washington had employed counsel to defend the suit in the circuit court, but that his counsel, owing to family affliction, was compelled to leave the court before the cause was reached, on the docket. At Oct. term, 1847, the attorney of Morgan, the beneficial plaintiff in the judgment, demurred to the petition, which demurrer was overruled, and said Morgan declining to answer over, the court ordered and adjudged "that the *supersedeas* be made perpetual," &c.

This is now assigned as error.

A. J. WALKER, for plaintiff in error.

The court should not, upon overrulingt he demurrer, have given judgment, until the death of the plaintiff, before the commencement of the suit, was proved. Cravnes & Justice, v. Bryant, 3 Ala. Rep. 278; Sherrer v. Boyd, 10 ib. 279; Zurcher v. Magee, 2 ib. 253; Walker v. Bank of Alabama, 4 Stew. & Por. 715; Bates v. P. & M. Bank, 8 Por. 98.

The beneficial plaintiff is living; it is he who is authorized to receive the money, and the judgment is really in his favor. All the reasons why judgment in favor of deceased parties should be set aside, are inapplicable to this case, and although the court would abate a suit, because the plaintiff was dead before the commencement of the suit, yet it will not vacate it for that reason, after the judgment has been rendered.

Even though the court below was authorized to vacate the judgment, it should have been upon a writ of error *coram vobis*, and not upon a motion for a *supersedeas*.

S. F. RICE, contra.

1. A surety in a *certiorari* bond is not prejudiced by the omission of his principal, on the trial of the cause, to interpose the objection of the death of plaintiff before suit brought. Babcock v. Williams, 9 Ala. Rep. 150.

2. But that omission is sufficiently excused by the facts averred.

3. The death of the plaintiff before suit brought, is a bar to a recovery. Jenks v. Edwards, 6 Ala. Rep. 143.

4. A judgment in favor of a plaintiff, who was dead before the suit was brought, is a nullity, and ought to be vacated or set aside, on motion. And a *supersedeas* is a motion to that effect. Hood and Stennett v. Bank at Mobile, 9 Ala. Rep. 335.

5. When nominal plaintiff is dead before suit in his name, the fact that there is a usee, makes no difference; because at law, it matters not how much equity there is, the legal plaintiff must show a legal right, which a dead man cannot have. Westmoreland v. Davis, 1 Ala. R. 299.

6. Where parties appear, and will not take issue after demurrer overruled, the court may enter judgment by default, as upon admission of the facts alleged. If the defendant in a *supersedeas* desired the allegations of the petition to be proved, he should have so stated in the court below. Spence v. Walker, 7 Ala. R. 568.

CHILTON, J.—It has been the practice, under our statute, authorizing a *supersedeas* of executions, to consider the petition in the nature of a declaration, or allegation of facts, upon which the plaintiff predicated his claim for relief. Hence, it may be demurred to, and if the demurrer is overruled, and the defendant refuse to take issue, the court may very properly consider the allegations as admitted, and render judgment. Shearer v. Boyd, 10 Ala. Rep. 281; Spence and Stennett v. Walker, 7 Ala. Rep. 568.

In this case, the demurrer of the defendant to the petition, was overruled, and he refused to plead over. The court entered judgment against him on the allegations of the petition.

The only question is, do the facts alleged in the petition, authorize the judgment. The ground upon which the party

seeks relief in this cause, is, that Powell, the nominal plaintiff, was dead before the action brought. The judgment was by *nil dicit*, and the motion is now made, after the execution issued to vacate it.

Anciently, the objection could only have been taken by plea in abatement. The modern practice, however, allows the matter of the plaintiff's death, before the action brought, to be pleaded also in bar. See Jenks v. Edwards, use, &c. 6 Ala. R. 144. In this case, however, neither mode of defence was resorted to. The defendant, Washington, appeared, but made no defence. Is it permissible for the security of Washington on the *supersedeas* bond, to say there was a valid defence, of which my principal might, but did not avail himself? If such defence was of a meritorious or equitable character, we will not say the security against whom the judgment has been summarily rendered, might not have relief in equity, but no such question is here involved. The defence goes merely to the capacity of one of the parties to sue. That capacity was admitted, by failing to object to it on the trial. A different conclusion would lead, in many cases, to the most ruinous consequences to parties plaintiff.

This case furnishes an example of what, in many cases, would occur. The suit was commenced in March, 1841, before a justice of the peace, and prosecuted to judgment. No objection made as to the death of the nominal plaintiff. The case is taken to the circuit court, and there another judgment was rendered, the defendant not gainsaying it. In October, 1847, when the note on which the action is founded, has been barred by the statute of limitations, and when, perhaps, the original debtor has become insolvent, the court is asked to vacate, and amend the judgment, and turn the party out of court, burdened with the accumulation of costs. Such proceeding is not sanctioned by precedent, and certainly has no foundation in reason or justice.

We are referred to Hood et al. v. Bank at Mobile, 9 Ala. Rep. 335, where it is said, a judgment rendered *against* a dead man, is a nullity. In such case, the representatives of the party deceased, may move to set it aside. They are not estopped, not being party or privy to the proceeding. The cases are distinguishable. Here, the defendant admits by his

default, that the plaintiff is in life, and the beneficial owner of the note, upon that admission, proceeds to judgment. The defendant must be held to the admission, which his failure to plead creates. And the security is as much concluded by the judgment at law, from setting up the defence, as Washington, his principal.

That the plaintiff employed counsel to defend him, and whose family was taken sick, so as to call him from the court, can have no influence on the cause *at law*. Such excuses are heard in equity, where the party shows a meritorious defence, of which he has been deprived, without any fault or negligence on his part.

But it is said, no *legal right* was shown in Powell. The defendant did not make an issue requiring it to be shown; and we cannot tolerate that he shall make an issue now, which he should have made some six years before, when the suit was first tried, but did not.

Let the judgment be reversed, and the cause remanded.