## MARSHALL vs. CAUDLER.

1. A petition for a *supersedeas* is demurrable, when the alleged grounds of reliof go to matters behind the judgment.

ERROR to the Circuit Court of Sumter.

Tried before the Hon. TURNER REAVIS.

Marshall filed his petition for a *supersedeas* of an execution, issued on a judgment recovered against him by Caudler in the Circuit Court of Sumter. The petition alleges, that, during the pendency of the suit in which said judgment was rendered, Marshall had a settlement with Caudler of the matters in controversy between them, and paid him $499, on which Caudler agreed that he would not further prosecute said suit, except for costs; that Caudler wrote to his attorney to that effect, but, contrary to this agreement, he continued the prosecution of his suit, and, during petitioner's absence from court, obtained judgment against him for upwards of $400; that Caudler is attempting to enforce the collection of this judgment by execution. The prayer of the petition is, that the proceedings may be superseded, that the execution may be quashed, and that satisfaction of the judgment may be entered of record.

Caudler demurred to this petition, and his demurrer was sustained. From this judgment a writ of error is prosecuted, and it is here assigned for error.

Seay v. Greenwood.

HUNTINGTON, for plaintiff in error.

J. O. WILLIAMS, contra.

LIGON, J.—The demurrer was rightly sustained, as the grounds set forth in the petition go to matters behind the judgment. Neither the old writ of *audita querela*, nor our writ of *supersedeas*, which is used as its substitute, has ever been allowed to extend to matters arising anterior to the judgment. Holloway v. Washington, 3 Ala. 668; Moore & Cocke v. Bell, 13 Ala. 439.

Let the judgment be affirmed.