## CHANDLER v. ·FAULKNER AND FAULKNER.

1. When a garnishee discharges a judgment rendered against him, if the creditor should afterwards attempt to enforce the collection of the original debt by execution, the court out of which it issued, would on motion, direct satisfaction of the judgment, so far as it was discharged by the payment of the judgment rendered against the garnishee; and therefore, a bill in chancery would not lie for that purpose, unless other facts were alleged, which would give the court of chancery jurisdiction.

APPEAL from the Chancery Court of Chambers.

This was a bill filed by the plaintiff in error, to enjoin the defendants in error, from collecting a sum of money by execution, which the bill alleges the plaintiff had been compelled to pay by a judgment against him as a garnishee.

The chancellor dismissed the bill, on the ground that relief could be had by *supersedeas* and motion in the court out of which the execution issued.

PECK and CLARKE, for the plaintiff in error.

ORMOND, J.—The case of Lockhart v. McElroy, [4 Ala. Rep. 572,] is in point, to show that this bill cannot be sustained. There is no allegation of facts to authorize the interposition of a court of chancery, but it is in effect merely an application to have satisfaction entered on the judgment of the defendant in error, so far as it is discharged by the payment of the judgment rendered against the plaintiff in error, as garnishee. This, the court out of which the execution issued, can direct to be done, on motion, and it cannot therefore be tolerated, that resort should be had to a

court of chancery, when the court of law, can afford**equally as efficient relief, and in a mode much more prompt, expeditious and cheap. The decree of the chancellor, must therefore be affirmed.