## FAULKNER AND FAULKNER v. CHANDLER.

1. Upon a motion to enter satisfaction of a judgment, affidavits of the parties are admissible; and an affidavit of payment is *prima facie* sufficient, unless contradicted by the other party.
2. A garnishment may be sued out on a judgment, though no execution has been issued on it.
3. Objections that the costs are too large, must be made in the court below, and cannot be raised for the first time in this court.
4. An objection to the admissibility of an entire record, will not authorize the objector to raise a question in this court, relating to costs alone.

Error to the Circuit Court of Chambers.

THIS was a motion to enter satisfaction of a judgment, made by the defendant in error. He sets forth in his petition, that on the 20th October, 1842, W. G. Faulkner, for the use of E. Faulkner, recovered a judgment against him for $228 66. That on the 25th October, 1842, he was summoned as a garnishee by the Montgomery Bank, to answer what he was indebted to the said Faulkners. That he answered, admitting the indebtedness to the amount of the judgment aforesaid, and thereupon a judgment was rendered against him as garnishee for $224, which judgment he has fully paid; yet the Faulkners are endeavoring to coerce payment of their judgment, &c. The prayer is, that satisfaction be entered.

Upon the trial, as appears from a bill of exceptions, the parties submitted all the questions of law and fact to the

court. The parties were then informed by the court, that they could submit affidavits if they thought proper, and thereupon Chandler made affidavit to the facts stated in his petition, and that he had paid the judgment rendered against him as garnishee to the bank, which fully discharged the judgment of the Faulkners against him. He also introduced a transcript of the record of Montgomery circuit court, of a judgment obtained by the bank against the Faulkners for $196 17, and $10 31 costs, rendered on the 27th November, 1841, with the proceedings in the garnishment suit upon that judgment, and judgment against him as garnishee for the amount of the judgment and costs, and interest thereon from the 27th November, 1841, upon which an execution issued, which is indorsed, settled in bank.

The defendants declined to make affidavit, and objected to the introduction of the records above set forth, as well as to the allowance of the affidavit of the plaintiff. The court ordered a satisfaction of the judgment to be entered with costs against the *appellant.*

This judgment was rendered at the fall term, 1844, and at the fall term, 1845, was amended and corrected, *nunc pro tunc,* so as to adjudge costs against the Faulkners in favor of Chandler.

The defendants prosecute this writ, and assign for error—

1. The admissions of the records from Montgomery circuit court.

2. In receiving the affidavit of Chandler.

3. In ordering satisfaction of the judgment.

4. In rendering a judgment *nunc pro tunc.*

5. In not dismissing the *supersedeas.*

J. FAULKNER, for plaintiff in error.

The affidavit for the garnishee process, was insufficient in not showing that an execution had issued, and had been returned "no property found." [Clay's Dig. 259, § 1; 260, § 3-7.]

The judgment of Faulkners was in force as to the costs, and they had the right to recover them.

The costs of the garnishment were put down at $9, when in fact it should have been but $2. All other cost is properly

Faulkner v. Chandler.

chargeable against the garnishee, and not against the defend-ant in execution.   [Clay's Dig. 231.]

The whole evidence is insufficient to prove payment, and the court erred in ordering satisfaction in the first instance, and had no authority to render the judgment *nunc pro tunc*, if the record evidence had been sufficient to authorize it.

Rice, contra.

1. The motion to enter satisfaction of a judgment is an application to the equitable powers of the common law courts —powers inherent in those courts, and always exercised to prevent an unjust or improper use of their process.   The ex-ercise of these powers is a *quasi* substitute for the jurisdic-tion of chancery in ordering the satisfaction of judgments at law.   The motion at law must be governed in some sort by chancery proceedings; and each party to the judgment may be examined as witnesses, or may submit written affidavits to the court.   [Lockhart v. McElroy, 4 Ala. R. 572; Mobile Cotton Press v. Moore & Magee, 9 Porter, 679; Abercrom-bie v. Connor, et al. 10 Ala. R. 293.]

2. The defendant in error has pursued the very course, pointed out to him in *this very matter* by this court.   [Chan-dler v. Faulkner and Faulkner, 5 Ala. R. 567.]

3. If the parties on such a motion are present, and by agreement submit it to the court; and the court announces to all the parties that he will receive their affidavits; each party may submit an affidavit.   And if one of the parties fails or refuses to make an affidavit, he does not thereby commend the equity or justice of his case, and he will not be heard to complain of the just effort of the court to search the con-science of all the parties.   The allowance of affidavits of the parties in such cases, is just,—is the usual and convenient practice,—and is within the discretion of the court, and not revisable.   [McLendon v. Jones, 8 Ala. R. 298.]

4. The evidence shows full satisfaction.   And the court below decided correctly in amending the judgment *nunc pro tunc*.   Can the plaintiffs in error revise the judgment *nunc pro tunc* and the first judgment entered, on this writ of er-ror?

ORMOND, J.—When this cause was here at a previous term, (5 Ala. 567,) we held, that Chandler could not go into chancery to obtain satisfaction of the judgment of Faulkner against him, upon the ground that a court of common law was fully adequate to grant him the proper relief, by directing satisfaction to be entered. The course which has been pursued is the one pointed out by this court, and the only question is, whether he has proved that the judgment has been satisfied.

The payment alledged was by the discharge of a judgment, obtained by the Montgomery bank against Chandler, as a debtor of Faulkner, upon garnishee process, sued out upon a judgment of the bank against Faulkner, and it is now contended, that the affidavit of Chandler was improperly received to establish the fact, that he had paid to the bank the judgment against him as garnishee. This is an equitable proceeding, and we can see no objection whatever to the admission of such proof, which would be of no avail, if contradicted by the oath of the opposite party; and this we understand to be the customary course in such cases. In addition, the execution which issued against the garnishee, is indorsed satisfied by one professing to act for the agent of the bank. We cannot doubt that the proof was quite sufficient, at least *prima facie*, that the judgment was satisfied.

But it is urged that the garnishment was so defective that no judgment could rightfully be entered upon it. The objection is, that the affidavit was insufficient to authorize the garnishment to issue, because it does not alledge that an execution had issued on the judgment, and had been returned " no property found."

The act of February, 1818, (Clay's Dig. 259, § 1,) gave this right to the plaintiff, where an execution had been returned " no property found," on affidavit being made to the court, and a suggestion that another had effects of the defendant in his hands, a garnishment issued to such person returnable forthwith.

By the act of November of the same year, (Ib. § 2,) the right to sue out garnishee process was given immediately on the rendition of a judgment, upon making the oath required by the statute. By the act of 1823, (Ib. § 3,) upon the

same oath being made before the clerk of the court, he was required to issue process of garnishment returnable to the next term of the court. This act evidently did not contemplate that the affidavit would be made during term time only, as there was no necessity in that view for the passage of the law; and as the act of 1823 did not require as a pre-requisite, that an execution should be returned "no property found," it appears to cover this case.

But the act of 1837, (Clay's Dig. 260, § 7,) is still more explicit. That act gave this remedy to the plaintiff in whose favor a judgment had been rendered, by making the necessary affidavit, either in or out of term time. In the former case, it directs the process to be returned forthwith; in the latter to the next term of the court; and as this statute gives the remedy whenever a judgment has been rendered, and does not require that an execution should have issued, or have been returned, it is conclusive upon the question. By the express terms of the act, it is made applicable to judgments rendered previous to its passage, and it would be difficult to assign a reason, why it should apply to previous, and not to subsequent judgments. Nor is such a law liable to abuse, as every one would prefer making his money by execution if practicable, by an execution on his judgment, instead of resorting to the troublesome and dilatory process of garnishment.

The objection that the judgment against the garnishee was not so great as that in favor of the plaintiff in error, is predicated upon the supposition, that the costs entered in the garnishment suit were too large. Costs were taxed in the garnishment suit against the garnishee at $9; it is now insisted they should have been but $2. If it had been intended to raise that question in this court, the question should have been made in the court below, either by a motion to re-tax the costs, or in some other mode. But it does not appear from the bill of exceptions that this objection was raised in the court below. It is certain that a judgment was rendered against the garnishee for $9 costs, and that he has paid it, and the propriety of this judgment, cannot in the present condition of the record, be questioned.

92

The judgment of the bank against Chandler as garnishee, was equal in amount to the judgment of Faulkner against Chandler, with the exception of the costs of the former, against the latter, which it appears was $59 37; and it is now insisted, the judgment should not have been ordered to be satisfied, as to these costs.

It does not appear that this question was raised below. The whole controversy there was as to the admissibility of the record evidence, and of the affidavit of payment, and the plaintiff in general terms in his affidavit declares that the judgment was satisfied. In addition we find in the record, an execution which issued on the judgment of Faulkner against Chandler, upon which are returns showing that the costs have been paid.

The right of the court to perfect its judgment, at another term of the court, by a judgment *nunc pro tunc*, is unquestionable, and doubtless the testimony afforded by the record itself, was quite sufficient to demonstrate the mistake which had been committed by the clerk in the entry of the judgment.

Let the judgment be affirmed.