## BOWER *et al.* *vs.* SALTMARSH.

1. When issue is taken upon the facts stated in a petition for a *supersedeas*, neither the affidavits of the parties nor the depositions of incompetent witnesses are admissible.

ERROR to the Circuit Court of Lowndes. Tried before the Hon. Geo. Goldthwaite.

STONE & JUDGE, for plaintiffs in error:

1. In cases of application for the satisfaction of judgments, the affidavits of parties are competent evidence, and are sufficient to prove payment, unless the facts are controverted by the oath of the opposite party.—Faulkner & Faulkner v. Chandler, 11 Ala. 725. The truth of the affidavits is not controverted by the oath of the opposite party, or by other testimony.

2. Payments made in specific articles, or merchandise, if accepted as such, are as good as payments in money. In this case we think the proof clear that the whole account was to be taken as payment; and if we are at fault in this, there can be no doubt that the $1000 was to be payment *pro tanto.*—Solomon Damer v. Sinclair, 15 Vermont, 495.

3. Proceedings of this character are governed by the rules which govern chancery proceedings. This being the case, this court should proceed to render such judgment as the primary court should have rendered, and enter satisfaction in whole or in part, as the facts of the case may justify.

G. W. GAYLE, *contra:*

1. The evidence of Bower and Haig was properly excluded, because, 1st, a party to whom a chose is due by parol, cannot be a witness against defendant, when sued on, even for the use of another. The *supersedeas* is a suit upon the chose for the use of petitioner.—See Goodwin v. Harrison, 6 Ala. 438; Houston v. Prewtt, 8 Ala. 846. 2d, They are directly interested in the event of the suit, being still liable to Smith if the transferred account is not allowed.—See Bean v. Pearsall, 12 Ala. 592; Taylor v. Paullin, 11 Ala. 512.

2. The affidavit of Smith was properly excluded from the trial, as evidence, because, 1st, he is a party to the record, being

plaintiff in the suit, and cannot give evidence for himself.—See Stone v. Bibb, 2 Ala. 100 ; ib. 388 ; Owen *et al.* v. Paul, 16 Ala. 130. 2d, Supersedeas allowed, is the commencement of a suit. See Shearer v. Boyd, 10 Ala. 279.

3. Smith's remedy is in a court of equity, to apply the transferred account to the judgment, if the account is correct, &c. There let him go.

CHILTON, J.—This was a proceeding by *supersedeas* to obtain a credit upon an execution for certain sums which, it is alleged, Saltmarsh agreed should be allowed as such. Issue was taken upon the facts set forth in the petition, and by agreement of the counsel, was submitted to the court to be tried as by the jury.

The plaintiffs offered to read the affidavit of Smith and the deposition of Wm. Bower, two of the plaintiffs, and also the deposition of one Haig, the partner of Bower, to prove the credits insisted upon ; Haig being offered to prove an account which he had transferred to Smith, and which constituted one of the items sought to be established as a payment. It will thus be seen, that two of the witnesses were parties to the suit, and the other, as the transferror of a chose in action, was clearly interested in making such testimony as would render his transfer effectual. But it is insisted by the plaintiffs in error, that the proceeding by *supersedeas* is unlike proceedings in an ordinary suit ; that it is in the nature of an equitable remedy, and that the parties should be allowed to testify, or, which is the same thing, to submit their affidavits as to the matters involved, and we are referred to the case of Falkner v. Chandler, (11 Ala. 725,) as sanctioning this practice. That was a motion to enter satisfaction of a judgment, upon the ground that a judgment had been rendered against the defendant for the same demand attempted to be enforced against him by execution, on a garnishment which he had paid, and the record evidence of which garnishment process and judgment he produced in court. The parties being informed that they could submit affidavits if they thought proper, Chandler, who sought to establish the facts, made affidavit to the facts stated in his petition, which averred the judgment on the garnishment and its payment by him; and the defendant, it is said, declined to make affidavit, but objected to the allowance of

the affidavit of the plaintiff in the motion. The court, however, decided that upon a motion to enter satisfaction of a judgment, the affidavits of the parties were admissible, and that an affidavit of the payment made by the party seeking to establish it was, *prima facie*, sufficient, unless contradicted by the other party.

It is unnecessary in the case before us to call in question the decision just referred to. We are aware that the courts have gone great lengths in receiving affidavits and cross affidavits, in regard to matters of fact which are involved in the exercise of their discretionary powers in granting or overruling motions. The case before us is a suit by *supersedeas*, and issue was regularly made up, as in other cases, to be tried by a jury, and that the parties agreed to substitute the court for the jury does not affect the rules of evidence. Now, if the case of Faulkner v. Chandler intended to affirm the doctrine that upon the trial of such issue the parties themselves would in all cases be competent witnesses, or that their *ex parte* affidavits could be received against the consent of the opposite party, we should not hesitate to depart from it. We have several times intimated that the proceeding by *supersedeas* was in the nature of the obsolete writ of *audita querela*. According to the English practice, where the defendant was unquestionably entitled to relief upon *audita querela*, the courts would relieve him on motion, without driving him to that writ; (Lester v. Mundell 1 B. & P. 427 ; Giles v. Nathan, 5 Taunt. 558 ;) but where the relief was questionable, the court would not dispose of the case upon motion, but would leave the defendant so to proceed that the plaintiff could demur or bring error.—Ib.; see also Bing. on Ex. 264. In the case before us, the issue, as we have said, was regularly made up to be tried by a jury, and must be tried as other issues of fact submitted in ordinary cases. We will not say that the court had not the power to entertain a motion to enter satisfaction, aside from the pending proceedings, had it clearly appeared that the judgment was satisfied ; but the judge was not bound to do so, and should not have done so, the facts being doubtful and controverted. Upon this trial, we think it clear that the court properly rejected the affidavits of the parties, and the deposition of Haig, who was clearly interested.

Let the judgment be affirmed.