Bruce, Admr. v. Barnes.

## BRUCE, Admr. vs. BARNES.

1. A motion to enter satisfaction of a judgment and a petition for a *supersedeas* are substitutes for the ancient writ of *audita querela;* and consequently, all issues of fact and matters *in pais* must be tried in the same manner as if the proceeding had been commenced by that writ.

2. On the trial of a motion to enter satisfaction of a judgment, the plaintiff has the right to demand a trial by jury, and to cross-examine all witnesses whose testimony is offered against him to prove the fact of payment.

Error to the Circuit Court of Marengo.

Tried before the Hon. John D. Phelan.

Brooks & Byrd, for plaintiff in error.

A. R. Manning, *contra.*

Upon the first point, that the trial ought to be by jury; the question is settled the other way, upon principle and authority, by the cases of Moore & Magee v. The Mobile Cotton Press, 9 Por. 679; Lockhart v. McElroy, 4 Ala. 572; Chandler v. Faulkner, 5 Ala. 567; Faulkner v. Chandler, 11 Ala. 725. This is no infringement of the constitutional clause that the "trial by jury shall *remain* inviolate."

If a party against whom a judgment upon verdict had been rendered, was entitled of right to a trial by jury, upon alleging payment after the last proceedings had, and the court had no power to prevent such a course, a cause might be kept pending *ad libitum*.

The bill of exceptions says, the plaintiff in the judgment insisted on a right of "trial by jury, AND a cross-examination of the witnesses." This means a cross examination in court, before the jury. He did not object in the court below that he *had no notice* of the time and place of taking the affidavits, but that the witnesses should be examined orally in court, and he be permitted to cross-examine them before the jury.

This also is the meaning of the bill of exceptions, which is to be taken most strongly against plaintiff in error.

And this is not affected by its being said, that the trial was upon "*ex parte* affidavits;" for, says Judge Bouvier, in Law Dictionary 534, "*Ex parte* of the one part. Many things may be done *ex parte* when the opposite *party has had notice*. An affidavit or deposition is said to be taken *ex parte*, when only one of the parties *attends* to taking the same." 1 Bouvier Law Dic. 534.

DARGAN, C. J.—At the Fall Term of the Circuit Court of Marengo, A. D. 1845, a judgment was rendered against the defendant, Barnes, in favor of the administrator of John F. Barnes, deceased, for the sum of four hundred and forty-nine dollars 28-100, and at a term subsequent to the rendition of the judgment the defendant moved the court to have satisfaction thereof entered of record. Notice of the motion having been served on the administrator, he appeared and resisted it. The defendant in the judgment offered, as evidence of its payment, the *ex parte* affidavits of witnesses, but by whom they were made does not appear. The administrator insisted upon the right of trial by jury, and also on his right to cross-examine the witnesses, but the court ruled that the proper mode of trial was by the court alone, and on *ex parte* affidavits. To this ruling of the court the plaintiff in error excepted.

The counsel for the defendant in error contends that the ruling of the Circuit Court is sanctioned by several decisions

of this court. In the case of Lockhart v. McElroy, 4 Ala. 572, the execution had been superseded in vacation, upon the petition of the defendant showing that the judgment had been satisfied; and when the cause came on to be heard, the plaintiff in the judgment admitted the facts contained in the petition to be true, and of course nothing remained to be done but to pronounce the judgment of law arising on the facts thus admitted. The case of Chandler v. Faulkner et al., 5 Ala. 567, was this, the defendants in the judgment filed a bill in equity alleging satisfaction thereof. The bill was dismissed on the ground that the parties had a full and complete remedy at law.

It is very clear that neither of these cases sustains, in the slightest degree, the ruling of the Circuit Court in the case before us. They establish, it is true, that the court from which the execution issued may supersede it, and enter satisfaction of the judgment on the ground of payment; but they decide nothing as to the mode of trying the fact of payment, when that fact is contested. The last case referred to again came before this court, and is reported in 11 Ala. 725. There the proceeding was commenced by motion to have satisfaction entered of record, and the defendant in the judgment filed his affidavit, alleging the facts that constituted the satisfaction. These facts were not denied by the oath of the plaintiff, nor does it appear that he made any objection to the trial of the facts by the court. This court held that the affidavit of the defendant, as it was not denied by the oath of the plaintiff, was sufficient evidence to authorize the court to enter satisfaction of the judgment. If it could be admitted that this case is a correct exposition of the law, which, however, I do not admit, still it does not go far enough to sustain the ruling of the Circuit Court in the case before us, for here there was no affidavit of the defendant, and the plaintiff in the judgment expressly objected to the ex parte affidavits as evidence, and claimed a trial by jury.

In the case of Bower et al. v. Saltmarsh, decided at the last term, the proceeding was commenced by a petition for a supersedeas, and issues of fact were made up, and on the trial the question was, whether the affidavits of the defendants, and of a witness not a party thereto, could be received as evi-

dence. We held that they could not. On several occasions we have held, that a *supersedeas* was a substitute for the obsolete writ of *audita querela*, in which the plaintiff in the writ had regularly to declare, and the defendant to plead, but that with us the petition for the *supersedeas* might be received as the declaration upon this' ancient writ, and that the plaintiff in the judgment must either plead or demur to the petition, as he might see proper, and thus make up the issues, either of law or of fact. See 16 Ala. 813, Edwards v. Lewis, and cases there cited. And we think it clear that, if issues of fact are thus made up upon a petition for a *supersedeas*, the parties, or either of them, have the right to have such issues tried by a jury, in the same manner as if the suit was commenced by an ordinary writ. They have the right to claim a trial by jury, to ascertain any fact *in pais* that would satisfy the judgment, and the rules of evidence governing the trial of such issues must be the same as those which govern in other cases. I do not intend to say, that the parties may not submit their issues, either of law or fact, to the court alone for trial. We only intend to say, that if an issue of fact is presented, either party has the right to demand its trial by jury, unless it can be tried by the record, and if witnesses be introduced to sustain the issue by either party, the other has the unquestionable right to cross-examine such witnesses.

Now, the motion to enter satisfaction of a judgment, when no *supersedeas* has been granted or prayed, is still the same thing, to-wit: the substitute for the writ of *audita querela*, and the same practice must govern on the trial of such a motion as would govern if the proceedings had been commenced by a petition for a *supersedeas*. The petition and *supersedeas* are merely intended to arrest the execution until it is ascertained whether it has been properly or improperly issued, and if the allegation in the petition be that the judgment has been paid, the precise same question is presented, whether it be brought forward by way of a petition for a *supersedeas*, or by motion to have the judgment satisfied, and should be tried in the same manner, whether brought forward in the one mode or the other. We therefore hold, that the plaintiff in the judgment had the right to a trial by jury, and also the right to cross-examine all witnesses whose testimony was offered as evidence to es-

tablish the fact of payment. It is not, however, to be understood that we intend to trench upon those decisions which hold that the court can examine into the acts of its own officers upon *ex parte* affidavits. The case before us does not require that we should do so, in coming to the conclusion that the court erred. We intend merely to hold, that a motion to enter satisfaction of a judgment, or a trial upon a petition for a *supersedeas*, is a substitute for the ancient writ of *audita querela*, and consequently all issues of fact or matters *in pais* must be tried in the same mode as if the proceeding had been commenced by that writ.

Let the judgment be reversed, and the cause remanded.