## W. H. HEATH, ADM'R, V. JAMES GARRETT.

1. PRESUMPTION—PRACTICE.—An appeal was taken from the District Court in a case appealed to that court from the Probate Court, the record showing notice of appeal in the Probate Court, and that the amount of appeal bond was fixed; no objection to the jurisdiction being made in the District or Supreme Court: *Held*, That it would be presumed that the appeal bond was given and that the District Court had jurisdiction on the appeal.

2. SAME.—In such case it will be presumed, also, that the necessary notice of application for sale of lands was posted, under the statute. (Probate Act of 1876, secs. 72, 77.)

3. PRACTICE.—A decree enforcing the vendor's lien, on appeal to the Supreme Court was affirmed against an administrator. An application was made in the Probate Court for the issuance of an order of sale under the decree. To this application the administrator answered, pleading a partial failure of the title to the land sold; the want of proper parties, in that the heirs of the intestate were not made parties to the proceeding; and part payment in cotton delivered by the administrator to the holder of judgment: *Held*—

1. That the administrator could not again litigate the validity of the decree.

2. That the heirs were not necessary parties to such proceeding.

3. That the administrator could not defeat or postpone the issuance of the order of sale by merely pleading such payment.

4. The remedy of the administrator against the enforcement of a judgment partially satisfied, would be by petition under oath and bond for injunction.

APPEAL from Rains. Tried below before the Hon. Green J. Clark.

The facts are given in the opinion.

*J. J. Hill,* for appellant.—The only assignment of error is, "that the court erred in sustaining the demurrer of the plaintiff to the answer of the defendant this day filed."

First proposition: This being a suit for an order to sell land belonging to the estate of M. H. Heath, deceased, all the heirs of said Heath were necessary parties to the same.

The following are the heirs of said M. H. Heath, deceased:

N. P. Heath, surviving wife; Gus. Heath, L. D. C. Heath, Mark Heath, M. H. Heath, Jr., Daniel Heath, Fannie Heath, Dudley Heath, and J. Heath, children of said M. H. Heath, deceased, all of whom reside in Rains county, Texas, the last six of whom are minors, and none of whom are parties to this suit.

Second proposition: The defendant was entitled, in law and equity, in this case, to have the value of the cotton paid and delivered to said Garrett, as agent of said Wallace & Co., and at their special instance, entered as a credit by the court on said judgment, to wit, the sum of $1,207.50.

The defendant below paid and delivered to the said Garrett, as agent of said Wallace & Co., 24,150 pounds of seed cotton, to be credited upon said judgment. He did this at the instance of Wallace & Co. Garrett was the duly authorized agent of Wallace & Co. to represent them in the premises. Said Wallace & Co. authorized and instructed said agent to receive said cotton. Said cotton was worth the reasonable aggregate sum of $1,207.50. Said cotton was delivered in good faith subsequent to the rendition of said first-mentioned judgment, to wit, the judgment for the payment of which said land is sought to be sold.

Third proposition: The court having taken jurisdiction of this case for one purpose, should have taken it for all purposes, and have done complete justice between the parties.

*Hunter & Putman,* for appellees.

I. When the Supreme Court reformed the judgment of the District Court, and remanded it to the County Court with

directions to proceed to its execution in conformity there-
with, that judgment finally disposed of that case, and the
administrator, when required to proceed to its execution,
could not file any further pleadings or defenses. It was then
too late to plead in that cause.

II. It may be that the administrator, by the proper appli-
cation to the proper court, could have obtained an injunction,
and have stayed the execution of that judgment until the
after-acquired rights set up by him could have been adjudi-
cated and determined, and if allowed, an order granted in
his favor setting off the amount *pro tanto* against the reformed
judgment of the Supreme Court.

GOULD, ASSOCIATE JUSTICE.—Garrett, suing for the use of
Wallace & Co., recovered a judgment establishing a claim
against the estate of M. H. Heath, deceased, and enforcing
a vendor's lien on certain land of the estate. The adminis-
trator, by writ of error, brought that judgment to this court
for revision, where it was reformed so as to remand it to the
County Court of Rains county for further proceedings for its
enforcement, but was otherwise affirmed. (Heath *v.* Garrett,
46 Tex., 23.) On May 2, 1877, Garrett applied to the County
Court of Rains county, sitting as a court of probate, for an
order to sell the lands which had been decreed subject to the
vendor's lien, for the satisfaction of said judgment. The
administrator, having been cited, answered the application,
alleging, in substance, part payment of the judgment after its
rendition in the District Court by the delivery of cotton to
Garrett, failure of title to the land on which the lien was
enforced, and that the heirs of M. H. Heath, deceased, were
necessary parties. The County Court impanelled a jury of
six, and submitted to them the disputed issue of part payment
in cotton, and the jury having found that issue in favor of the
administrator, the court ordered the sale of the land for the
payment of the balance only of the judgment. From this
judgment Garrett appealed to the District Court. In that

court the defendant again pleaded the same defenses, winding up with a prayer for injunction against the enforcement of the judgment, except as to the balance remaining after crediting the cotton, and with a prayer for general relief. The plaintiff excepted to this answer generally and specially, the grounds of special exception being that the matters therein set up had been or should have been adjudicated by another court, and that the Probate (County) Court had no jurisdiction of the subject-matter set up in the answer. The court sustained the exceptions to defendant's amended answer, and the record recites: "Said cause then coming on for trial, the questions of law and facts being submitted to the court," proceeding to order the administrator to sell the land to satisfy the plaintiff's judgment. The administrator appeals to this court, assigning as error the sustaining of exceptions to his answer.

The record does not contain the appeal bond by which the case was removed from the County to the District Court, though it does show that notice of appeal was given, and that the amount of the appeal bond was fixed by the county judge. We have had some doubt as to our jurisdiction in this state of the record. Regularly, the transcript should show that the appeal from the County to the District Court was perfected. By rule 109 for the District Court, the transcript in such cases "shall not contain anything which does not relate to the order, judgment, or decree appealed from"; but this was not designed to exclude notices of appeal and appeal bonds from which the jurisdiction of the District Court may appear.

The District Court, however, assumed jurisdiction without objection, and no such objection is made in this court; and we think that the presumption is that the bond was actually given, and that it has merely been omitted in the transcript sent to this court. The presumptions in favor of the jurisdiction of the District Court are more analogous to those in a case where a judgment is collaterally attacked, than to a case

of judgment by default brought to this court for revision, or to a case where the record fails to show a perfected appeal to this court. The court and the parties having assumed that the bond was given, we will dispose of the case on that presumption. For the same reason, we must assume that the thirty days' notice which the statute requires to be posted in all cases of application to sell the lands of an estate was given, although the record is silent on the subject. (Gen. Laws, 15th Leg., act regulating proceedings in estates, &c., secs. 72, 77.)

The exceptions to the answer were rightly sustained, in so far as it sought to go behind the judgment and again litigate the validity of the claim, and in so far as it objected that the heirs of the deceased were not made parties. On the latter point, see sections 72 and 77 of the probate act of 1876, just cited. (See also Guilford *v.* Love, 49 Tex., 715.)

That part of the answer alleging part payment in cotton, regarded as an answer or defense to the application for an order of sale, was also defective.

Certainly it was sufficient to defeat the application in the County Court to produce a receipt showing payment. If the judgment had been paid, either in whole or in part, and the administrator had failed to have the satisfaction entered of record, and failed to provide himself with such receipts as would clearly establish the fact of payment, he might still protect the estate from its unjust enforcement by applying in the proper way to a tribunal empowered to grant equitable relief in the premises. When the fact of payment is contested and is sought to be established by parol evidence, the County Court is not the proper tribunal for such litigation. If such a defense is set up to a judgment or to an established claim, the enforcement of that judgment or claim is not to be delayed to await the result of the litigation, unless the necessary affidavit is made and bond for injunction given for the protection of the holder. To entertain, either in the County or District Court, such a defense, presented as this was,

would be to give the defendant or judgment debtor the ben-
efit of an injunction without bond or affidavit.    At common
law, an *audita querela* was no supersedeas and did not stop
execution.    (Turner *v.* Davis, 2 Saund., p. 148*e*; Bac. Abr.,
p. 517, title AUDITA QUERELA.)    In Alabama, where there is a
statutory remedy to stop the collection of a judgment claim-
ed to be paid, the applicant must give a bond to obtain a
supersedeas.    (Bruce *v.* Barnes, 20 Ala., 219; Bower *v.* Salt-
marsh, 19 Ala., 274;  Edwards *v.* Lewis, 16 Ala., 813;  Faulk-
ner *v.* Chandler, 11 Ala., 725.)    The District Court, if prop-
erly appealed to, was certainly competent to grant relief, and
may yet grant it; but it did not err in refusing to retard the
enforcement of the judgment by entertaining the defense
made.

The judgment entry, moreover, leaves it uncertain whether
the District Court did not, although sustaining exceptions to
the answer, proceed to hear the evidence on the issue of
payment.

The record is so defective that it would, of itself, consti-
tute a sufficient reason for refusing to reverse the judgment.
The answer, on the sufficiency of which we are called to
pass, refers to sundry exhibits which might materially affect
it, but none of which appear in the record.    Because we find
no error justifying a reversal, the judgment is affirmed.

JUDGMENT AFFIRMED.