## LOCKHART ET AL v. McELROY.

1. An execution may be superseded if an unjust or improper use is attempted to be made of it, although the execution be authorized by the judgment.
2. Where two judgments exist for the same debt, the payment of one is a satisfaction of both; and the attempt to coerce the payment afterwards, by execution is an abuse of the process of the Court, which may be arrested by supersedeas.

ERROR to the Circuit Court of Russell.

This proceeding was commenced by motion, in the Court below, by the defendant in error, against the plaintiff in error, as Coroner of Russell county, and his sureties, for failing to make the money on an execution, which it was alledged could have been made by due diligence, upon which the plaintiff obtained a judgment for the amount of the execution, with ten per cent. damages thereon.

An execution having issued thereon, the plaintiffs in error presented their petition to the Judge of the Circuit Court, alledging in substance that at the same time the execution was in the hands of the plaintiff in error, as coroner, an execution was also in the hands of the sheriff of the county, against the same defendant, upon which the sheriff levied and sold a sufficient amount of property to satisfy the execution. That af-

Lockhart et al v. McElroy.

ter the judgment rendered against him, but at the same term, an order was made by the Court, directing the sheriff to pay over to the plaintiff in execution the amount due thereon, it being the same for which judgment had been rendered against the coroner, and that the amount due thereon was, in fact, paid over, and payment again insisted on not by the plaintiff in execution but by an irresponsible individual. The prayer of the petition is, that the execution be superseded, and satisfaction of the judgment entered.

The Judge granted the petition and directed a supersedeas to issue.

At the return term of the supersedeas, the defendant in error demurred thereto, and the demurrer was sustained by the Court, and judgment rendered against the plaintiffs in error.

From this judgment they prosecute this writ, and assign for error the judgment of the Court sustaining the demurrer.

GUNN and BELSER, for the plaintiffs in error, cited 5 Porter, 103; 1 Johns. 426; 15 id. 395; 2 Caines, 254; 1 Johns. Chan. 49.

HEYDENFELDT, contra.

ORMOND, J.—At common law the writ of *audita querela* was provided for redress, where a matter of discharge had arisen after the judgment, as payment or release. This proceeding was in the nature of a bill in equity. [1 Bac. Ab. 307; 3 B. Com. 405.]

It has however gone into disuse from the summary jurisdiction exercised by the common law Judges, granting relief on motion, and staying proceedings during vacation, until application can be made to the Court during term time.

The ground of this jurisdiction is the power and the duty of all Courts to prevent the abuse of its process, where an improper or unjust use is attempted to be made of it. Many statutes have been passed in England regulating the modes of proceeding in such cases, and in this State we have an act declaring that " The Judges of the Circuit Courts respectively shall have power and authority in vacation to supersede any execution when it shall satisfactorily appear to them that the same shall

have improperly issued from the clerk's office of any of the Circuit Courts." A bond was required to be executed by the party obtaining the supersedeas, which bond, if the supersedeas was set aside, had the force and effect of a judgment. [Aik. Dig. 165.]

In Fryer v. Austill, [2 Stewart 120,] this Court held that relief could not be obtained under this statute, unless the execution had improvidently issued, where the proceedings had the appearance of fairness. But this seems too narrow a view of the statute, and would deprive it almost entirely of its beneficial effects. To confine it to those cases alone, where the judgment did not warrant the execution, and thus leave unprovided for the almost infinite variety of cases where an improper or unjust use is attempted to be made of an execution which has rightfully issued, and thus drive the parties to seek the expensive aid of a Court of Chancery, would seem to defeat the very object the Legislature had in view. For it must be borne in mind, that the Judges did not derive their power to act in such cases from the statute—the whole object of which seems to have been to make the practice more efficient, by giving to the bond executed by the party making the application, the force of a judgment, if he failed in establishing his case.

The substance of the facts stated in the petition for a supersedeas in this case is, that an execution for the same debt was in the hands both of the sheriff and coroner—that the sheriff made the money on the execution in his hands, but failed to pay it over—that a motion was made against the coroner for failing to make the money on the execution in his hands, and that, on motion, a judgment was rendered against him for the amount of the execution and ten per cent. damages thereon— that subsequently the sheriff paid the debt, yet the judgment against the coroner is attempted to be enforced by execution against him, not only for the damages but also for the amount of the judgment, although discharged by the sheriff.

As the payment by the sheriff was a discharge of the judgment, it was in equity a satisfaction of the judgment against the coroner, which was founded on it, except for the ten per cent. damages, and the attempt to enforce the execution against the coroner, and thus obtain a double satisfaction was clearly unjust, and an abuse of the process of the Court. It was there-

fore the duty of the Judge, on these facts being properly presented, to grant a supersedeas to so much of the execution as was issued for the amount of the judgment discharged by the sheriff, leaving it in force for the damages of ten per cent., to which the plaintiff was entitled by his judgment.

The proceeding in the Circuit Court upon the return of the supersedeas, although not very regular, must be considered as a motion to quash the execution, upon a statement of facts, which the opposite party admitted to be true.

Thus considered, the judgment of the Court is erroneous; it should have been, that the execution be quashed, except for the damages of ten per cent. The judgment must therefore be reversed, and the cause be remanded, that the plaintiff may, if he thinks proper, controvert the facts set forth in the petition.