## EDWARDS *vs.* LEWIS.

1. A proceeding by *supersedeas* to arrest and have entry of satisfaction of an execution, is a suit between the parties to the judgment, and the pleadings must be made up in their names. A stranger to the record, though he be the assignee of the judgment, cannot be permitted to intervene and tender an issue in his own name.

2. Where in a proceeding to have entry of satisfaction of an execution, the only issue joined is the fact of payment, proof that the judgment was assigned to a third person before the payment, does not tend to establish or disprove the issue, and is consequently inadmissible.

Error to the Circuit Court of Russell. Tried before the Hon. Jno. J. Woodward.

BELSER & HARRIS, for plaintiff:

1. The second plea traversing the satisfaction of the judgment and execution should not have been stricken out. The object of the proceeding was to bring the parties before the court and to ascertain whether or not, the execution was satisfied, and Baker had the right to show that the plaintiff in supersedeas had not legally discharged it.

2. The assignor of a judgment cannot control the assignee in the use of the judgment.—Haden v. Walker, 5 Ala. Rep. 86; State v. Herod, 6 Blackford, 444.

3. A payment of judgment to plaintiff, after notice of assignment, is not a satisfaction.—Laughlin v. Fairbanks, 8 Missouri Rep. 367; Bebee v. Bank of N. York, 1 Johns. 531.

4. To a plea of payment, an assignment may be replied, and that the party paying the judgment had notice.

5. If Lewis was notified before he paid the judgment that it had been assigned by one who spoke understandingly, it was sufficient.—Crayton v. Clark, 11 Ala. Rep. 788; Hum v. Blight's assignees, 4 Dallas, 371.

6. The object of the supersedeas is answered when the case is in the nature of an equitable proceeding under the control of the court.

7. The court did wrong in excluding the testimony, the jury was the tribunal to determine on it, and whether or not the judgment was satisfied, under the instructions of the court.

RICE, for defendant:

DARGAN, C. J.—The plaintiff in error recovered a judgment in the Circuit Court of Russell against the defendant, for seven hundred dollars, upon which an execution issued. The defendant filed his petition for a supersedeas, alleging that he had paid and satisfied the judgment before the execution came to the hands of the sheriff, and thereupon prayed that the execution be superseded. At the April term 1849 of the Circuit Court, the plaintiff, Edwards, filed his plea to the petition, denying that the judgment was paid and satisfied. Benjamin H. Baker, as it appears from the record, likewise came and averred that on the 10th day of November 1848, Edwards, the plaintiff, assigned the judgment to him for a valuable consideration, and that said Lewis had notice

of the assignment. Lewis moved the court to strike out the matter alleged by Baker, as a plea in bar to the relief sought by the petition. The motion was granted and the cause was submitted to a jury on the plea tendered by Edwards, putting in issue the fact of payment alone. On the trial, it appeared that Lewis had paid the judgment to Edwards, and to avoid the effect of this proof, it was shown that Edwards had assigned the judgment to Baker before the payment; and there was also proof tending to show that Lewis had notice of the assignment. This proof was rejected by the court, and the plaintiff excepted.

The plaintiff insists that the court erred in rejecting the plea filed by Baker, and also in rejecting the proof showing the assignment of the judgment.

1. At common law, if an execution issued on a judgment that had been paid or satisfied, or the defendant had any good legal reason why the execution should not be enforced against him, the writ of *audita querela* was the proper remedy by which he could bring his defence before the court and obtain relief.—1 Bacon's Ab. 307; 3 Black. Com. 405. This writ was the commencement of a suit by the defendant against the plaintiff in the original judgment, in which the defendant regularly declared, setting forth the grounds of his defence to the original judgment and execution. To this declaration the plaintiff in the judgment was required to plead or demur, and thus the issues were present to the court in the same manner that issues of fact or law are made up in ordinary suits. See the form of the pleadings in Turner v. Davis, 2 Saunders' Rep. 365. This writ, however, has gone out of use, and in lieu of it a summary jurisdiction is exercised by the common law courts, by granting relief on motion and staying proceedings in vacation by the order of a judge. By statute in this State, the judges have power to grant writs of supersedeas in vacation, when it shall appear that the execution has improperly issued. This is done by petition, setting forth the facts on which the defendant relies as the grounds for superseding the execution. When the writ is issued by the order of the judge it must be considered in the nature of a suit—Shearer v. Boyd 10 Ala. 279, and the parties must proceed to make up the issues and present the questions in controversy to the court

by pleading, in the same manner required in a common suit. As the petition, however, states the facts on which the defendant relies, this, under our practice, is properly considered as the declaration that would have been required of the defendant in the judgment at the common law, and to this the plaintiff may plead or demur, as his defence may require, or he may see proper. This seems to be the course indicated by the previous decisions of this court, and we think, it is the correct practice. Whether then, we consider the petition for a supersedeas, as a continuation of the original suit, or in the light of a new suit growing out of the old one, it is nevertheless a suit between the same persons, that are parties to the judgment. Being a suit between the parties to the judgment, the pleadings must be made up in their names, and a stranger to the record cannot be permitted to intervene and tender an issue, without violating the first rules of pleading. The plea tendered in the name of Baker was therefore properly rejected by the court.

It is true that courts of law will protect the interest of the assignee of a judgment, or of any other chose in action, and will not permit the assignor to defeat the interest of the assignee by any act of his own, or by a combination with the party who owes the money; and if the money be paid after notice of the assignment, such payment will not discharge the demand, but the assignee may use the name of the assignor and recover it, notwithstanding such payment. But as the legal title is not in the assignee, he cannot sue in his own name, but must use the name of his assignor. So if proceedings be commenced by the defendant to the judgment to have satisfaction entered of record, or to supersede the execution, the assignee may resist them, and for this purpose may use the name of his assignor, but being a stranger to the record, not a party to the suit, and having but an equitable right, he is prohibited from pleading in his own name.

2. This brings us to the question whether the court erred in rejecting the proof tending to show the assignment of the judgment before the payment. The only issue joined between the parties was the fact of payment to Edwards. This Lewis proved and to rebut this, proof of the assignment before the payment was offered. We are clearly of the opinion that it

was properly rejected. This evidence did not tend to establish or disprove any fact in issue, but its entire effect was to show matter in avoidance of the payment, which alone was in issue. The evidence must be confined to the issue submitted to the jury, and if it neither tends to prove or disprove the facts embraced within the issue, it must be rejected.—1 Greenl. Ev. § 51. We can see no error in the ruling of the Circuit Court and, although it may be a hard case on the assignee of the judgment, if indeed the defendant paid the judgment after notice of the assignment, yet we cannot violate established rules of practice to relieve him from his error in pleading.

The judgment must be affirmed.