## BRANCH BANK AT MOBILE *vs.* COLEMAN.

1. When the record shows that the plaintiff in the judgment, on which the execution issued which was sought to be superseded, was a party to the proceedings had upon the *supersedeas*, it cannot be assigned for error, that he had no notice of the proceedings.

2. When an issue is formed on the facts set forth in a petition for a *supersedeas* of an execution, it may properly be submitted to a jury for decision.

3. When an accommodation endorser of a note, on which judgment is recovered against him, files his petition for a *supersedeas* of an execution issued thereon, alleging satisfaction of the judgment, and issue is taken upon the facts set forth in the petition, the party, for whose accommodation he endorsed the note, may be rendered a competent witness for the petitioner by the execution of a release to him by the latter previous to the trial; and it is no objection to the release that it was delivered to the witness by the petitioner's attorney,

when it is shown, that after its delivery, the petitioner acknowledged that he had released the witness.

4. Parol proof is admissible to show the intention of the parties to a note at the time the contract was entered into, with regard to their several liabilities among themselves, and the relations which they were to bear to the note.

5. The proceeding by petition and *supersedeas* is not strictly a proceeding *at common law*, but it may properly be regarded as a substitute for *a bill in equity*, when the matter of discharge set forth in the petition does not appear in the record; when, therefore, the matter relied on by the petitioner would form a good equitable satisfaction of the judgment, which the execution is used to enforce, it may be inquired into in this way, and the execution perpetually superseded.

6. A petition for a *supersedeas* of an execution may be verified by the oath of an agent.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. John Bragg.

The plaintiff in error obtained a judgment against the defendant in the County Court of Mobile, in February, 1840, for $1648 48. This judgment was founded on a note made by one Livingston, and endorsed by defendant and Gayle & Bower. An execution, which appears to be a *pluries fi. fa.,* issued on said judgment on the 14th February, 1846, and was levied by the sheriff of Dallas county on certain lands as the property of the defendant.

After the levy, the defendant filed his petition for *supersedeas,* setting forth that he was only accommodation endorser on the note; that he became such at the instance and request of Gayle & Bower, for whose benefit the note was made; that said Gayle & Bower had made some arrangement with the plaintiff, by which the judgment against the defendant was fully satisfied, although such satisfaction does not appear of record; that no execution ever came to the hands of the sheriff, except the one sought to be superseded, although two writs of *fi. fa.* had been made out by the clerk, the one on the 9th April, 1840, and the other on the 11th August, 1840, but that both of these writs were retained in the clerk's office. For the two reasons, thus set forth, he prays that the writ of *fi. fa.,* then in the hands of the sheriff, be superseded and quashed.

On this petition a *supersedeas* issued, and at the Fall Term, 1850, Richard W. Gayle, by leave of the court, files an an-

swer, on oath, to the petition, in which he sets out that he is the real owner of the judgment on which the *fi. fa.* issued, having paid the bank a valuable consideration therefor, and received an assignment of the same.

He denies that Gayle & Bower, or any party to the note or judgment, have ever paid and satisfied either. He alleges that executions did issue on the judgment in a year and day after its rendition. Though the plea is interposed by Gayle, the proceedings are carried on in the name of the Branch Bank at Mobile.

On this answer an issue was formed, and submitted to a jury at the March Term, 1851. It was found for the petitioner, and the court adjudged that the *supersedeas* be made perpetual, and that the petitioner recover his costs.

On the trial in the court below, as appears by the bill of exceptions, the petitioner introduced Bower, one of the partners in the late firm of Gayle & Bower, who deposed that he had no interest in the event of the suit, that the petitioner had executed to him a release, under seal, of all liability to him, which had been delivered to witness before his examination at a previous trial of this cause, by one of the petitioner's counsel; it was also shown that the petitioner had said that he had released Bower. The respondent objected to the competency of the witness, because the release executed to him had not been delivered to him by any person who had authority to do so; and for this cause only. The objection was overruled by the court, and the witness was allowed to testify. It was then proved, by parol, that the note, on which the judgment and execution were founded, was made by Livingston, and was endorsed by the petitioner for the accommodation of Gayle and Bower, who negotiated it, and that he received no consideration whatever for his endorsement.

Evidence was also offered, tending to show that the settlement made with the Bank, apparently by Richard W. Gayle, was in fact made by Billips Gayle, one of the partners of Gayle & Bower; that said settlement extended to all the debts of Gayle & Bower, including this debt of Coleman; and that the Branch Bank accepted the lands offered in the proposition found in the record, in full satisfaction of these claims.

Evidence was also admitted tending to show that the whole negotiation with the Branch Bank was conducted by Billips Gayle, and that the lands conveyed to the Branch Bank in fact belonged to Gayle & Bower, having been bought and paid for by them, though the paper title was in the name of Richard W. Gayle, who knew nothing of the negotiation while it was pending. To this evidence the respondent also excepted, but the court allowed it to go to the jury. The respondent excepted to the ruling of the court in allowing the evidence to go to the jury.

It is here assigned as error, 1st. That the court erred in proceeding on the *supersedeas*, and rendering it perpetual, without notice to the bank; 2d. In submitting the facts to a jury; 3d. In permitting Bower to testify; 4th. In permitting parol testimony to vary or control the written liabilities of the parties, as they appeared on the note; 5th. In permitting parol testimony, in a court of law, to show a resulting trust in favor of Gayle & Bower in the lands to which Richard W. Gayle had the legal title; 6th. In proceeding on the *supersedeas*, when it appears to have been applied for by an agent.

JOHN T. TAYLOR submitted the case on the part of the plaintiff in error, without brief or argument.

WM. G. JONES for defendant.

LIGON, J.—1. The first assignment of error cannot be sustained, as the record and proceedings in the case show, throughout, that the Branch Bank at Mobile was a party to the proceedings in the court below, and to presume that it had no notice of them, would be to presume against the record, which cannot be allowed; and its assignee of the judgment had the right to use its name in litigating the matter set forth in the petition for *supersedeas*. Edwards v. Lewis, 16 Ala. Rep. 813.

2. When an issue is formed on facts in the Circuit Court, a jury may be empannelled to try it, and, indeed, such method of trial is the only correct one in that court, unless it appears from the record, that the parties consented to substitute the judge for the jury, or in cases in which a demurrer to testimony is interposed. The petition for the *supersedeas*

in this c se sets out two reasons for quashing the execution, first, that the judgment had been satisfied; and second, that no execution had been issued in a year and a day from the rendition of the judgment, so that the one sought to be quashed, issuing after that time, was irregular. Both these grounds are distinctly traversed and denied by the answer of the respondent, thus presenting two issues of fact, which the court might well submit to be tried by a jury. Dunlap v. Clements, 18 Ala. Rep. 778; Edwards v. Lewis, 16 Ala. Rep. 813.

3. There was no error in permitting the witness Bower to testify, under the circumstances disclosed in the bill of exceptions. He was, it is true, one of the firm of Gayle & Bower, for whose accommodation the petitioner endorsed the note on which the judgment was founded; but, it appears, the petitioner had released him from all liability on this account before he was sworn. It is no objection to the release, that it was delivered to the witness by the counsel of the petitioner, for we must presume he was the agent of the petitioner for that purpose, especially as it is shown the petitioner declared to others, after its delivery, that he had released the witness.

4. We cannot well see to what portion of the record the fourth assignment of error is intended to apply, but apprehend that it relates to that part of the testimony which goes to prove, that although the petitioner appears to be first endorser on the note, yet, he only occupies the position of accommodation endorser, and that Gayle & Bower, though they appear last on the note, are the parties primarily liable, according to an agreement between them and the petitioner, at the time of the endorsement. It is clearly competent to show, by parol, the intention of the parties at the time the contract was entered into, with regard to their several liabilities among themselves, and the relation which they were to bear to the note. For this purpose, the testimony was allowed in this case, and we regard it legitimate.

5. The court allowed the petitioner to show, by parol, that the real estate which the Bank accepted, in satisfaction of all the debts due to it by Gayle & Bower, belonged to them, and not to Richard W. Gayle, to whom the deeds were made, and in whose name the negotiation with the Bank was car-

ried on by Billips Gayle, in the absence, and as far as the proof discloses, without the knowledge of Richard. This testimony was pertinent to the issue, and it would be difficult to conceive by what evidence a secret, and resulting trust could be established, were parol proof to be excluded. Gayle & Bower were the equitable owners of the lands conveyed by Richard W. Gayle to the Bank; their equity was a perfect one, and Richard W. Gayle held only the naked legal title. When, therefore, it was used to pay the debts of Gayle & Bower, with their consent, and by his sanction, the trust which had been reposed in him, by his having been invested with the legal title, was fully executed; and if he afterwards attempts to set up this legal title, for the purpose of claiming an unjust benefit, which might result from his having once possessed it, the party from whom he seeks to obtain it may show by parol, that he held it only in trust for others, and that it has been devoted to the purposes of that trust.

The proceeding in this case, in the court below, cannot be regarded as a preceeding at common law, in the strict sense of that term. It is substituted, in our practice, for the writ of *audita querela*, and the same rules which governed the one, must regulate the other, with but slight exceptions. Lockhart v. McElroy, 4 Ala. Rep. 572; Edwards v. Lewis, 16 Ala. Rep. 813; Dunlap v. Clements, 18 Ala. Rep. 778; Rutland v. Pippin, 10 Ala. Rep. 469. This writ, and the proceeding on which it was founded, were in the nature of a bill in equity; (1 Bac. Ab. 307; 2 Black Com. 405); and the ground of the jurisdiction to award it is said be, the power and duty of all courts to prevent the abuse of their process, where an improper, or unjust use is attempted to be made of it, (Lockhart v. McElroy, supra); indeed, it may be properly regarded in all instances, in which the matter of discharge insisted upon in the petition does not appear on the record, as a substitute for a bill in equity. Great latitude must, therefore, be allowed in making up the issue, and a corresponding latitude extended to the proof under such issue. So, that, even, if the matter relied upon by the petitioner would form a good equitable satisfaction of the judgment, which the writ of execution is used to enforce, it may be

inquired into in this way, and the execution perpetually superseded.

6. It is also objected, in this case, that the petition for *supersedeas* was verified by the agent. This objection cannot be allowed to prevail. The statute which authorizes the Circuit Court judges to grant writs of *supersedeas* in vacation, is in these words; "The Judges of the Circuit Court, respectively, shall have power and authority, in vacation, to supersede any execution, when it shall satisfactorily appear to them, or any of them, that the same shall have improperly issued from the clerk's office of any of the Circuit Courts of this State." (Clay's Digest, 208 § 38.) It is not required that the petition presented should be verified by the oath of the person in whose name, and on whose behalf it is filed; but it is sufficient, if the judge to whom it is presented is satisfied, that the execution has improperly issued; and any person who knows the matters set forth in the petition to be true, may verify it. Were it otherwise, many instances might occur of payments by agents, whose knowledge upon the subject would be ample, when the principal could only swear as to his belief; and these cases might happen with non-resident defendants, who have property and agents in this State, and whose absence at the time of the levy of a *fi. fa.* on a satisfied judgment, might result in their being compelled to pay its amount a second time.

We fin'l no error in the record, and the judgment must be affirmed.