# Thompson *v.* Lassiter.

*Petition for Supersedeas of Execution.*

1. *When execution will be superseded and quashed.*—Under our practice, a petition for the *supersedeas* of an execution is a substitute for the common-law writ of *audita querela;* and in proceedings under it, while matters which go behind the judgment can not be inquired into,

[Thompson v. Lassiter.]

the execution will be superseded and quashed on account of matter which operates an equitable satisfaction of the judgment.

2. *Judgments against joint tortfeasors, and satisfaction thereof.*—When several actions have been brought against joint tortfeasors, and a judgment recovered against each, the satisfaction of one of them operates a satisfaction of all; but, whether this rule applies, when a judgment in tort is recovered against some of the wrong-doers, and a judgment in an action of *assumpsit*, based on a waiver of the tort, is afterwards recovered against another, is a question not presented by the record.

3. *Demurrer; specification of grounds.*—On demurrer to a complaint, petition, or other pleading, the statute requires that the grounds or causes of demurrer shall be distinctly stated (Code, § 2690); and this court will not, on appeal, consider any ground which was not distinctly stated in the demurrer.

4. *Satisfaction of judgment, after affirmance with damages.*—When there are two judgments for the same debt or demand, and one of them is affirmed by this court on appeal, with damages, a subsequent satisfaction of the other does not operate a satisfaction of the affirmed judgment as to the damages and costs.

5. *Practice on supersedeas.*—A proceeding by *supersedeas* is regarded in the nature of a bill of equity, but the same strictness in pleading is not required; and where it seeks relief against an affirmed judgment, on the ground that it has been satisfied by the payment of another judgment against a joint tortfeasor, which does not operate a satisfaction as to the damages and costs on affirmance, the court may enter satisfaction *pro tanto,* although the petitioner does not offer to pay the damages and costs.

APPEAL from the Circuit Court of Bullock.

Tried before the Hon. JESSE M. CARMICHAEL.

In this case, a petition was filed by Jacob F. Lassiter on the 22d February, 1888, seeking to supersede and quash an execution, which had been issued on a judgment recovered against him and one W. E. Pierce, in favor of M. W. Thompson, on the ground that said judgment was satisfied by the payment of another judgment, founded on the same cause of action, which said Thompson had recovered against Amos Powell and others. The action in which the original judgment was recovered by said Thompson against the petitioner, was commenced on the 15th September, 1885; the complaint claiming $250 for money had and received, being the proceeds of five bales of cotton, which the defendant had received and sold, with notice, as alleged, of Thompson's lien as landlord for rent and advances. The judgment was rendered on the 17th February, 1887, and was for $347.29, the verdict of the jury being in these words: "We, the jury, find for the plaintiff, the value of five bales of cotton, $279, with three years interest—$347.29." This judgment was affirmed by this court on appeal, in January, 1888, against said Lassiter, the petitioner, and W. E. Pierce, his surety on a *supersedeas* bond, with ten per

[Thompson v. Lassiter.]

cent. damages and costs; and the execution sought to be superseded seems to have been issued on the affirmed judgment, directing the sheriff to make, of the goods and chattels of said Lassiter and Pierce, the sum of $409.78, "which M. W. Thompson recovered of *him* on the 17th February, 1887, by the judgment of said Circuit Court, besides costs of suit," &c. The other judgment, payment of which was set up by the petitioner as a satisfaction of the judgment against him, was for $456.70, and was rendered on the 16th February, 1887, in favor of said M. W. Thompson, against Amos Powell, E. T. Randle, and the administrator of the estate of Jere. Powell, deceased. That action was commenced on the 20th May, 1882, the complaint containing only a special count in case, which claimed damages for the removal and conversion by the defendants of certain crops raised by said Amos Powell on lands rented to him by Thompson, on which Thompson claimed a landlord's lien for rent and advances. The crops alleged to have been removed and converted were described in the complaint as "six bales of lint cotton, of the weight of 500 lbs. each, 10,000 lbs. of fodder, 500 bushels of corn, and 2,000 bushels of cotton-seed." Lassiter, the petitioner in this case, was joined as a defendant in that suit, but his name was struck out by amendment before judgment, and before the separate action was commenced against him. An execution having been issued on the judgment against Powell *et al.*, it was returned "satisfied in full, October 24th, 1887."

A demurrer was interposed to the petition, which was overruled, and issue was then joined on it. On the trial, as the bill of exceptions shows, the records of the two suits were offered in evidence, showing the facts above stated. "There was evidence tending to show that, on the trial of said suit against Powell *et al.*, the five bales of cotton and their value were testified about before the jury, and that their value was included in said verdict for $456.70; and there was other evidence tending to show that it was not included therein. The defendant offered to prove that, on the trial of that case, his counsel did not, in argument before the jury, claim anything for the said five bales of cotton, but only claimed for the corn, fodder and cotton-seed shown to have gone into the hands of said Amos Powell, Jere. Powell and E. T. Randle; which the court refused to allow, and the defendant excepted. But the court permitted the defendant to offer, and he did offer, evidence tending to show that the

[Thompson v. Lassiter.]

counsel of the defendants in that case, in argument before the jury, disclaimed any right to recover on account of said five bales of cotton. The court ruled, that if the jury found that the value of said five bales of cotton entered into the verdict for $456.70, then Lassiter was not bound for the damages awarded against him and Pierce · (his surety) by the Supreme Court; to which ruling the defendant excepted." The jury returned a verdict in favor of the petitioner, finding that the value of the five bales of cotton was included in said verdict for $456.70; and the court thereupon rendered judgment, declaring the judgment against the petitioner "satisfied as to the whole amount of said execution, except the costs due thereon."

The overruling of the demurrer to the petition, the exclusion of the evidence offered, the ruling of the court as to the liability for damages on affirmance, and the final judgment, are here assigned as error.

WATTS & SON, for appellant, cited *Lewis v. Edwards*, 16 Ala. 814; *Br. Bank v. Coleman*, 20 Ala. 140; *Lockhart v. McElroy*, 4 Ala. 572; *Dunlap v. Clements*, 18 Ala. 778; *DuBose v. Marx*, 52 Ala. 506; *O'Neal v. Brown*, 21 Ala. 482; *Taylor v. Haas*, 80 Ala. 459.

LAW & SMITH, *contra*, cited *Rutland v. Pippin*, 7 Ala. 469; *Edwards v. Lewis*, 16 Ala. 813; *Br. Bank v. Coleman*, 20 Ala. 145; *Munter v. Leinkauff*, 78 Ala. 546; *Brown v. Joy*, 9 Johns. 221.

CLOPTON, J.—On May 20, 1882, appellant instituted an action on the case against Amos Powell, appellee and others, to recover damages for the removal and conversion of cotton and other crops, whereby he was unable to enforce his lien as landlord for rent and advances. During the progress of the case, the complaint was amended by striking out the name of appellee. Afterwards, appellant brought an action against appellee for money had and received. On February 16, 1887, judgment was rendered in favor of appellant, against the remaining defendants in the action *ex delicto*; and on the next day, appellant recovered judgment against appellee in the action of *assumpsit*. The judgment against Powell and others has been satisfied. The present proceeding is by *supersedeas*, instituted by appellee, to vacate an execution issued to enforce the judgment recovered

[Thompson v. Lassiter.]

against him. The petition for *supersedeas* alleges, that the recovery in the action on the case, against Powell and others, consisted in part of the cotton mentioned in the complaint, and that the recovery against petitioner was for the proceeds of the sale of the same cotton.

Counsel for appellant contend, that petitioner is estopped from going behind the judgment, for the purpose of showing that the two suits were founded on the same general cause of action. The argument is, that the election of appellant, to bring an action of tort against some of the tortfeasors, was pleadable in bar of the subsequent action of assumpsit; and that the judgment in the latter action determines all defenses that might have been urged before it was rendered, and is conclusive. It is said in Bacon's Abridgment, in reference to the writ of *audita querela*: "This process is a writ to be relieved against an unjust judgment or execution, setting them aside, for some injustice of the party that obtained them, which could not be pleaded in bar to the action; for, if it could be pleaded, it was the party's own fault, and therefore he shall not be relieved, that proceedings may not be endless." In our practice, the proceeding by *supersedeas* is substituted for the writ, and generally will lie in the cases in which a writ of *audita querela* would lie at common law. Matter which operates an equitable satisfaction of a judgment, may be inquired into by this proceeding, and an execution issued to enforce the judgment may be superseded and vacated; but matters which go behind the judgment, can not be inquired into.—*Br. Bank of Mobile v. Coleman*, 20 Ala. 140; *Mervine v. Parker*, 18 Ala. 241.

We do not understand, from the averments of the petition, that the petitioner seeks to go behind the judgment, for the purpose of setting up any defense which then existed. The petition merely invokes the application of the general rule, that when several actions are brought against joint tortfeasors, and a recovery had in each, the satisfaction of one judgment works the satisfaction of all. Whether the rule applies, when an action of *tort* is brought against some of them, and subsequently *assumpsit*, waiving the tort, is brought against another, is not raised by the record. The petition was demurred to, and on the demurrer being overruled, appellant joined issue on the petition, which put petitioner on proof of its allegations. The objection now

[Insurance Co. of North America v. Forcheimer & Co.]

made was not assigned as cause of demurrer, and the question is not properly presented for our consideration.

From the judgment rendered against him, the petitioner took an appeal to this court, giving a *supersedeas* bond. The judgment was affirmed in January, 1888, with ten per cent. damages. The judgment against Powell and others was satisfied pending this appeal. The execution, which it sought to supersede, was issued on the affirmed judgment. The damages awarded on the affirmance of the judgment were not satisfied by the payment of the judgment against Powell and others.—*Lockhart v. McElroy*, 4 Ala. 572.

The proceeding by *supersedeas* is regarded in the nature of a bill in equity, but not so far as to require the same strictness in pleading. It was not necessary for the petitioner to offer to pay the damages and costs. The court could have credited the execution to the amount of the satisfaction, and let it stand for the damages and the costs. *Munter v. Leinkauff*, 78 Ala. 546.

Reversed and remanded.