# Jesse French Piano & Organ Co. *v.* Bradley.

*Petition for Writ of Supersedeas.*

1. *Detinue; supersedeas; when properly issued in a detinue suit.—* In an action of detinue for the recovery of a piano in which

[Jesse French Piano & Organ Co. v. Bradley.]

the plaintiff gave a replevin bond and obtained possession of the property, there was a judgment rendered in favor of the defendant, from which judgment plaintiff appealed, giving security for costs and executing a *supersedeas* bond. Said bond and security were not given until more than 30 days after rendition of said judgment, which judgment was affirmed by this Court on the appeal. Within 30 days after the rendition of said judgment of affirmance, the plaintiff delivered the piano to the sheriff, who, upon the solicitation of the defendant, refused to receive the same. After the expiration of 30 days from the date of the judgment, the sheriff returned the replevin bond, with his endorsement of forfeiture thereon, and thereupon the clerk issued an execution. *Held*: That in such case, the plaintiff would be entitled, upon petition, to a writ of *supersedeas* to suspend the execution so issued.

APPEAL from the Circuit Court of Butler.

Heard before the Hon. J. C. RICHARDSON.

The proceedings in this case were had upon a petition filed by the Jesse French Piano & Organ Company against the appellee, D. I. Bradley, in which the petitioner prayed that a writ of *supersedeas* be issued out of the circuit court of Butler county, suspending an execution issued upon a summary judgment rendered upon a replevin bond which was returned forfeited by the sheriff. The averments of the petition are sufficiently set forth in the opinion.

The defendant demurred to the petition upon the following grounds: 1. "Because said petition fails to allege that the offer to deliver the piano named in the said petition was made to the defendant." 2. "Because said petition fails to aver, that plaintiff offered to deliver the piano, within thirty days after the judgment was rendered in the circuit court of Butler county, Alabama." 3. "Because said petition shows on its face that the offer to return the piano was made more than thirty days after the judgment was rendered in the circuit court of Butler county, and that the *supersedeas* bond for appealing the case to the Supreme Court was executed more than thirty days after the rendition of the judgment in the circuit court of Butler county." 4. "Because said petition fails to aver that the petitioner is

still ready and able to deliver the piano named in said petition to defendant." 5. "Because said petition fails to aver that petitioner is still ready and able to deliver the organ and ten dollars named in said petition." 6. "Because said petition fails to show that petitioner has ever paid or offered to pay the damages which were assessed by the jury for the detention of the piano named in said petition." 7. "The matters and things set up in the petition took place before the rendition of the judgment in the case of Jesse French Piano & Organ Co. v. D. I. Bradley." This demurrer to the petition was sustained, and, upon the petitioner declining to plead further, there was a judgment rendered, dismissing the petition. From this judgment the plaintiff appeals and assigns as error the sustaining of the defendant's demurrer to the petition.

RAY RUSHTON, for appellant.—It has been the practice in this State for courts of law to supersede the execution of a judgment, when the matter relied upon would form a good and equitable satisfaction of the judgment. It has never been thought necessary to compel the petitioner to resort to a court of equity for an injunction, and in fact, it is doubtful if a bill for an injunction would lie in any case where the matter can be reached by *supersedeas.—Bank v. Collins,* 20 Ala. 140; *Rutland v. Pippin,* 7 Ala. 469.

"A proceeding by *supersedeas* is in the nature of an *audita querela,* and as such should be granted out of the court where the record upon which it is founded remains, or to be returnable in the same court."—*Payne v. Thompson,* 48 Ala. 535; *Thompson v. Lassiter,* 86 Ala. 536; *Dunlap v. Clements,* 18 Ala. 778.

In the case of *Thompson v. Lassiter, supra,* this Court held:—"A proceeding to supersede is regarded in the nature of a bill in equity, but the same strictness in pleading is not required; and where it seeks relief against an affirmed judgment, on the ground that it has been satisfied by the payment of another judgment against a joint *tortfeasor,* which does not operate a satisfaction as to damages and costs on affirmance, the court may enter satisfaction *pro tanto,* although the pe-

titioner does not offer to pay the damages and costs."—
See also *Hill v. McKenzie,* 79 Ala. 314.

D. M. POWELL, *contra.*—The following decisions hold
that a petition for *supersedeas* is demurrable when the
alleged grounds of relief go to matters behind the judg-
ment, and that no relief can be granted upon any matters
that arose before the judgment was rendered.—*Murvine
v. Parker,* 18 Ala. 241; *Marshall v. Candler,* 21 Ala. 490;
*Matthews v. Robinson,* 20 Ala. 130; *State v. Beasley,* 45
Ala. 81; *Thompson v. Lassiter,* 86 Ala. 536.

DOWDELL, J.—This is a petition for a *supersedeas*
of an execution issued by the clerk of the circuit court
on a statutory replevin bond in a detinue suit, which
said bond had been returned by the sheriff as forfeited.
A demurrer was sustained to the petition, and, upon fail-
ure of the petitioner to further plead, the petition was
dismissed. From the judgment of the court dismissing
the petition, this appeal is prosecuted.

There is but one assignment of error, and this is
based on the ruling of the court in sustaining the demur-
rer. The petition among other things shows that the
petitioner, who was the plaintiff in the detinue suit,
prosecuted an appeal from the judgment in that suit to
this Court, giving security for costs and executing a
*supersedeas* bond. The security for costs in said appeal
and the *supersedeas* bond were not given until after
the expiration of thirty days from the rendition of the
judgment in the detinue suit, but before the return of
the replevin bond by the sheriff as having been forfeited.
The petition further shows that, on the 30th of June,
1903, the judgment appealed from in the detinue suit
was affirmed by this Court, and on the 28th of July,
1903, and within thirty days after said judgment of affir-
mance by this Court, the petitioner delivered the piano
to the sheriff, but the sheriff, on the solicitation of the
defendant, refused to receive the same, and, on the first
day of August thereafter, returned the replevin bond
with his endorsement of forfeiture thereon, and, there-
upon, the clerk issued the execution, which is now
sought to be superseded.

As a proposition of law, the doctrine seems to be well settled by former adjudications of this Court, that matter existing anterior to the judgment cannot be made a ground for *supersedeas* of an execution issued on such judgment.—*Marshall v. Candler,* 21 Ala. 490; *Matthews v. Robinson,* 20 Ala. 130; *State v. Beasley,* 45 Ala. 81; *Thompson v. Lassiter,* 86 Ala. 536.

On a petition for *supersedeas* of an execution it was said by this Court in *Branch Bank v. Coleman,* 20 Ala. 140; "The proceeding in this case cannot be regarded as a proceeding at common law, in the strict sense of that term. It is substituted, in our practice, for the writ of *audita querela,* and the same rules which govern the one must regulate the other, with but slight exceptions."— Citing *Lockhart v. McElroy,* 4 Ala. 572; *Edwards v. Lewis,* 16 Ala. 813; *Dunlap v. Clements,* 18 Ala. 778; *Rutland v. Pippin,* 10 Ala. 469.

"This writ and the proceeding on which it was founded were in the nature of a bill in equity, (1 Bac. Ab. 307; 2 Blac. Com. 405); and the ground of the jurisdiction to award it is said to be the power and duty of all courts to prevent the abuse of their process, where an improper, or unjust use is attempted to be made of it, (*Lockhart v. McElroy, supra*); indeed, it may be properly regarded in all instances, in which the matter of discharge insisted upon in the petition does not appear on the record, as a substitute for a bill in equity. Great latitude must, therefore, be allowed in making up the issue, and a corresponding latitude extended to the proof under such issue. So that, even if the matter relied upon by the petitioner would form a good equitable satisfaction of the judgment, which the writ of execution is used to enforce, it may be inquired into in this way, and the execution perpetually superseded."

From the above authorities it will be seen that the primary and principal object of the remedy by the writ of *supersedeas* is to prevent the abuse of the process of the court, and, while it is said to be in the nature of a bill in equity as to matter of discharge insisted on in the petition. which does not appear of record. such matter of discharge insisted on in the petition must be matter arising subsequent to, and not anterior to, the judgment.

In cases like the one before us, where a replevin bond has been executed, the statute, § 1479 of the Code of 1896, provides among other things, that "If the property be delivered, and the damages assessed for its detention and the costs be not paid, the sheriff must upon the bond make return of the fact, and execution must issue against any or all of the obligors for such damages and costs, or for either, as either may be unpaid." The petition avers a delivery of the piano, the property replevied, or, what was equivalent thereto, an offer to deliver and a refusal by the sheriff to receive the same, and this within thirty days after the judgment of affirmance by this Court. On the facts averred in the petition, and which were confessed on demurrer, it was the duty of the sheriff to have received the piano, and made return on the bond of the fact of the delivery, in accordance with the directions in the statute. This the sheriff did not do, but, instead thereof, returned the bond as forfeited *in toto*.

This action deprived the petitioner of a clear legal right, and operated an injustice to it through an improper use of the process of the court, and to meet and correct such wrong, it is that the remedy here employed, of a petition for a *supersedeas* of the execution, is peculiarly adapted.

Our conclusion is that the court erred in sustaining the demurrer to the petition, and it follows that the judgment appealed from must be reversed, and the cause remanded.

Reversed and remanded.

McCLELLAN, C. J., SIMPSON, ANDERSON and DENSON, J.J., concurring.