# Campbell *v.* Byers, *et al.*

## *Supersedeas.*

(Decided November 14, 1912.   60 South. 737.)

1. *Supersedeas; Nature; Abuse of Process.*—A supersedeas is a proceeding substituted for a writ of audita querela, and is subject to the regulations governing such writ; it is in the nature of a bill in equity and is available to prevent an abuse of process.

[Campbell v. Byers, et al.]

2. *Same; Replevy Bond; Loss of Property in Custodia Legis.*—
Where an action had been brought against B to recover two mules
and without knowledge that while they were in the possession of the
sheriff one of them had received an injury from which it died before
actual delivery to B., he executed a replevy bond for the mules
and judgment was rendered against B. for the dead animal or its
value, and the sheriff made a return of a failure to deliver on the
replevy bond, and execution was issued against B. and his sureties
thereon. B. was entitled to a return stating the facts and was not
liable on the bond, never having taken the animal into his possession
under the replevy bond.   (Sec. 3788, Code 1907.)

APPEAL from St. Clair Circuit Court.

Heard before Hon. JAMES E. BLACKWOOD.

Supersedeas by Lee Byers and others against A. O.
Campbell.   From a judgment granting the petition, de-
fendant appeals.   Affirmed:

Following is the petition filed by appellees, referred
to in the opinion:

"Your petitioners, Lee Byers, R. R. Hodges, and C.
R. Robinson, who are all of full age, would respectful-
ly represent unto your honor:   (1) That on or about
the 17th day of April, 1909, they entered into a replevy
bond to one A. O. Campbell, for the delivery of certain
personal property therein named, a copy of which bond
is hereto attached and marked Exhibit A, and made a
part hereof.   That at the September term, 1909, of the
circuit court of said county, judgment was rendered
against said Byers, the defendant in said case, and in
favor of A. O. Campbell, for the sum of $50, the value
of one of the mules mentioned and described in said
bond.   That no action was taken on the said bond in
any way until the March term, 1911, of said court, at
which time the present sheriff of said county by an order
of this court returned the said bond forfeited, which re-
turn of said sheriff is indorsed thereon.   That on or
about the —— day of ——, a summary judgment against
your petitioner was entered on said bond, and that on or
about the 19th day of April, 1911, the clerk of said

court issued an execution on said judgment against your petitioner, and placed the same in the hands of the sheriff of said county, for execution and return, and that said sheriff is about to make a levy on the property of said C. R. Robinson and R. R. Hodges to satisfy the said judgment by a sale of their property. That said bond was ordered forfeited by the court upon the motion of A. O. Campbell, without any notice to your petitioner, the same having been addressed to R. D. Love, sheriff, etc.   (3) Your petitioner further avers and charges that said bond should not have been ordered forfeited by said sheriff for the following reasons:   That when the deputy sheriff, A. Crow, seized said property, to wit, mules, the failure to deliver the same for which said bond was forfeited, he took the same into his possession and held the possession of same until the 17th day of April, 1909, the date said bond was executed by petitioner.   That immediately after said bond was delivered to the said deputy sheriff as aforesaid, said petitioner Lee Byers went to the lot to take charge of said mule, but found said mule unable to travel, or even to be removed from said lot.   That the said mule was then down, and unable to get up, and was in a dying condition, and did die during the night following the afternoon on which said Lee Byers went to take charge of the same, and that the said mule was never delivered to said Lee Byers by the said Crow, who was in possesion of the same.   The prayer is that notice issue and be served upon said Campbell, requiring him to appear at a time to be named in said notice in said court to show cause why an order should not be made and entered superseding and quashing said execution issued upon said summary judgment, and that the court would make and enter an order and judgment suspending and superseding such execution, to the end that pe-

titioners will not have to pay said judgment so summarily entered against them, that the court will upon such terms and conditions as may appear right and proper grant an order to the said sheriff to return such execution until this motion and petition can be determined, and for such other, further, and general relief as petitioners may be entitled to, the premises considered."

M. M. & VICTOR SMITH, and GARDNER GREENE, for appellant. When a defendant executes a replevy bond in a detinue suit the property is no longer in custodia legis, and a defendant becomes liable on the bond upon a recovery of judgment and the failure to return the property.—Section 3778, Code 1907; *Garrett v. Malone,* 54 Ala. 19, and cases cited; *Thompson v. Lasseter,* 86 Ala. 536; *Randall v. Wadsworth,* 130 Ala. 633.

JAMES A. EMBRY and C. W. ROBINSON, for appellee. Under the facts in this case the defendant was not liable for the dead animal, and was therefore entitled to the supersedeas.—*Branch Bank v. Coleman,* 20 Ala. 140; *Thompson v. Lasseter,* 86 Ala. 536.

PER CURIAM.—A. O. Campbell brought an action of detinue against Lee Byers for the recovery of two mules. The plaintiff in the detinue suit made the affidavit and bond authorized by section 3778 of the Code of 1907. The bond was properly approved, and authority to the sheriff to take the property into his possession was duly indorsed on the summons, as provided in said section of the Code. Under the power thus conferred upon him, the sheriff took possession of the property, and the defendant in the detinue suit, said Lee Byers, within the five days provided for in section 3780, executed and delivered to the sheriff the bond provided

for in said section 3780, which bond was approved by
the sheriff.  When the last-mentioned bond was executed
and approved, Lee Byers and the deputy sheriff, who
had possession of the animals, went to the home of the
deputy in whose lot the animals were being kept by the
sheriff.  Byers had with him when he went to said lot
two servants, and it was the evident purpose of Byers,
when he went to the lot, to get both of the animals, and
take them home with him.  Upon reaching the lot, it was
discovered that one of the animals was down, that it
had suffered a serious injury, and not only could not
travel, but could not stand up or walk.  This being the
situation, Byers took the uninjured animal away, and
left the injured animal in the lot.  The injured animal
died in the lot either that (Saturday) night or on the
next Monday morning.  The trial judge was authorized
to find from the evidence in the case that when Byers
and his sureties executed and delivered the above-men-
tioned bond the animal in question was then in a dying
condition in the lot of the deputy sheriff, that neither
Byers nor his sureties knew anything of this situation
when the bond was executed or approved, and that the
condition of the animal was unknown to Byers until he
went with the deputy sheriff to the lot to take posses-
sion of the animal and carry him home.  Byers went to
the lot of the deputy sheriff to get the animal, and the
only reason why he did not take him away when he left
with the other animal was because the animal was in
the condition above described.  It is true that the deputy
sheriff testified, to use his language, "that witness told
Lee Byers that he could get the mule after Mr. Hodges
and Mr. Robinson signed the bond; * * * that witness
turned the mule over to Lee Byers; that there were
two and Lee took one of the mules off; that said Byers
left the mule in controversy with witness; that he want-

ed witness to keep it for him until the next Monday; that witness agreed to do so, and told said Lee Byers that he would have to pay witness for doing so; that Lee Byers said he would pay him, and that he was afraid to carry the mule home that night," but all of the testimony of this witness, when properly weighed, shows conclusively that the only reason why Byers left the mule in the lot was because the mule was in the condition above described. In fact, while Byers did not testify in the case, the two servants who went with him to. the lot to get the mules and who, according to the deputy sheriff, were present when it is claimed that Byers made the above statements, did testify, and they testi-. fied that they heard no such statements. When the detinue suit came on for trial, a judgment was rendered against Byers for the dead animal or its alternate value, which was fixed at $50, but no judgment was rendered against him for the live animal. No judgment was rendered against Byers for any damages for the detention of the mule, but, in addition to the judgment for the dead mule or its alternate value, judgment also went against Byers for the costs of the case.

The sheriff failed, under the provisions of section 3783 of the Code of 1907, which we hereafter set out in full in this opinion, to make return upon the above bond of the fact that Byers had failed, for 30 days after the judgment, to deliver the animal or to pay the costs. Thereupon the plaintiff in said judgment in detinue filed an application to the court in which said judgment was rendered, praying that the sheriff be required to make said return upon the said bond. The court made the order, and the sheriff thereupon made the return. The appellees were not parties to this last-named proceeding, and had nothing to do with it. If they knew anything of it the record fails to disclose it. After the sheriff

made the above return, an execution was issued against the said Lee Byers and the sureties on his bond, the said Lee Byers and his said sureties being the appellees here, in favor of the plaintiff in the judgment in the action in detinue, appellant here, for the alternate value of said dead animal as fixed by the judgment and the costs and was placed in the hands of the sheriff. Thereupon appellees filed in the court their petition, which the reporter will set out in full in his report of the case, seeking to supersede and quash the execution which had been so issued against them. The court granted the prayer of the petition, and from that order the plaintiff in the execution appeals.

1. A proceeding by supersedeas is regarded as a proceeding in the nature of a bill in equity, but not so far as to require the same strictness in pleading. "The proceeding in this case in the court below cannot be regarded as a proceeding at common law in the strict sense of that term. It is substituted, in our practice, for the writ of audita querela, and the same rules which governed the one must regulate the other, with but slight exceptions.—*Lockhart v. McElroy*, 4 Ala. 572; *Edwards v. Lewis*, 16 Ala. 813; *Dunlap v. Clements*, 18 Ala. 778; *Rutland's Adm'r v. Pippin*, 7 Ala. 469. This writ, and the proceeding on which it was founded, were in the nature of a bill in equity (1 Bac. Ab. 307; 2 Black. Com. 405) ; and the ground of the jurisdiction to award it is said to be the power and duty of all courts to prevent the abuse of their process when an improper or unjust use is attempted to be made of it."—*Branch Bank at Mobile v. Coleman*, 20 Ala. 140; *Thompson v. Lassiter*, 86 Ala. 536, 6 South. 33; *Jesse French Piano & Organ Co. v. Bradley*, 143 Ala. 530, 39 South. 47.

2. When the sheriff pursuant to the mandate of the clerk indorsed on the summons as provided in section

3778 of the Code of 1907 took possession of the animals above referred to, those animals were in custodia legis, and it is manifest that, while the animal under discussion was in custodia legis, it received injuries or contracted a disease from which it died while in the actual possession of the officer to whose keeping they were entrusted by the sheriff. When appellees executed the replevy bond, and when that bond was delivered to the sheriff and was approved by him, the condition of that animal was unknown to appellees. When Byers, one of the appellees, went with the proper officer to assume possession of the animal, he found that animal in what shortly afterwards proved to be a dying condition. It is insisted by appellant that upon the execution of the bond and its approval by the sheriff the custody of that animal was immediately, by the approval of the bond, transferred from the sheriff to that of Byers. While the right to the possession was by the approval of the bond vested in Byers, the court, under the facts as disclosed by this record, was authorized to find, and we think did in fact find, that the animal was never at any time in the actual possession of Byers after the approval of the bond. The section of the Code under which the appellant claims the right to collect, by virtue of said bond, the amount of his judgment rendered in the detinue suit, is as follows: Section 3783 (Code of 1907): "If the unsuccessful party who has given bond and *taken the property into possession,* fails for thirty days after the judgment, to deliver the property and to pay the damages assessed for the detention thereof, and the costs, the sheriff must, upon the bond, make return of the fact of such failure, and thereupon the bond has the force and effect of a judgment upon which execution may issue against any or all of the obligors therein for the alternative value of the property," etc. Every word in

a statute should, and ordinarily does, mean *something*. The mere execution of the bond by appellees and its mere approval by the sheriff are not alone sufficient to meet the demands of the above statute. The words in the statute italicized by us mean something. They mean that before such a bond can be made a proper basis for the issuance of the execution provided for in the statute the unsuccessful party must have *"taken the properly into his possession."* The return of the sheriff in this matter, it seems to us, should have been that, under the bond, he delivered one of the animals to Byers, and that the other animal was never taken possession of by Byer under the bond because of the death of the animal.

We are aware of the rule laid down by Chief Justice Stone in the case of *Gravett v. Malone,* 54 Ala. 19, in which he says: "That which forms the grounds of relief on supersedeas must either rest on facts subsequent to the decree, such as satisfaction, or, if it relates to antecedent facts, must show fraud in the decree or want of jurisdiction in the court apparent on the face of the record or a denial of the relation which authorizes execution." While the facts in this case plainly negative any idea of any intentional fraud on the part of the sheriff, and, in fact, show affirmatively that he acted in perfect good faith, nevertheless, as all the facts show that when Byers went with the deputy sheriff to take possession of the animal the animal was then in a dying condition and actually died in that lot without fault of Byers, and that, for that reason, Byers was never able to get that possession of the animal which is contemplated by the above-quoted statute, we think that, in failing to indorse the real facts upon the bond, a fraud in law was unintentionally, but actually, practiced upon appellees. At any rate, the court under the evidence in this case, was authorized to find that as Byers, after

[Kates Transfer & Warehouse Co., et al. v. Klassen.]

the execution and approval of the band, received that possession of the animal which is contemplated by the above-quoted statute, the appellees by virtue of the replevin bond did not occupy such a relation to the plaintiff in the judgment in the detinue suit as authorized the issuance of an execution on the bond.

3. We have disposed of this case on its merits. A number of minor questions, not going to the merits of the cause, were reserved for our consideration, but we do not deem it necessary to discuss them.

The judgment of the court below is affirmed.

Affirmed.

NOTE.—The foregoing opinion was prepared by Judge DE GRAFFENRIED, while he was a judge of this court, and is adopted by the court.